WALTER E. DAUCH, Appellant, *v.* ARTHUR O. THEED, Respondent.

Second Department, June 25, 1924.

Motor vehicles — action to recover for injuries suffered in collision between plaintiff's motorcycle and defendant's automobile at street intersection — evidence evenly balanced — instructions — error to charge that question whether motorcycle has right of way could not be considered if it was found that both were not equidistant from intersection — evidence — error to reject testimony by defendant on cross-examination as to his knowledge of rules of road.

In an action to recover for injuries suffered by the plaintiff in a collision between his motorcycle and defendant's automobile at a street intersection in which it appeared that the defendant was turning from the street into a cross street

at the time of the accident, it was error, especially as the evidence was very evenly balanced, for the court to charge in effect that the jury should not consider the question whether or not the plaintiff had the right of way, unless it found that the motorcycle and the automobile were equidistant from the street intersection and proceeding at substantially the same rate of speed for, notwithstanding those conditions may not have existed, the jury had the right to consider the right of way rule as fixed by the statute.

It was error to exclude testimony on the part of the defendant on cross-examination as to his knowledge of the rules of the road applicable where two vehicles approach each other at intersecting streets, where he had already stated that he knew the rules.

KELLY, P. J., and KAPPER, J., dissent.

APPEAL by the plaintiff, Walter E. Dauch, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Nassau on the 23d day of October, 1923, upon the verdict of a jury and also from an order entered in said clerk's office on the same day denying the plaintiff's motion for a new trial made upon the minutes.

*Henry A. Uterhart* [*Fred Ingraham* with him on the brief], for the appellant.

*Joseph Force Crater* [*Alfred W. Meldon* with him on the brief], for the respondent.

JAYCOX, J.:

The plaintiff was riding a motorcycle northward on Village avenue, in the village of Rockville Center, Nassau county, N. Y. When he approached the railroad tracks, which cross that avenue at a right angle, the crossing gates were down, and he dismounted and waited for the gates to be raised. When the gates were raised he proceeded northward a short distance, estimated by him as twenty-five feet north of the railroad track, and his motorcycle came in collision with the defendant's automobile and plaintiff received the injuries for which he sues. The defendant immediately before the accident was driving his automobile south on Village avenue and intended to turn to his left into Front street, which begins at and runs east from Village avenue, parallel with the railroad and immediately to the north thereof. At the intersection of the middle lines of these two streets was what is commonly known as a " silent policeman," a sort of monument, upon the face of which, toward the west at least, was printed " Go slow. Keep to the right." The collision occurred in close proximity to this silent policeman as the defendant endeavored to turn to his left into Front street. There is some dispute as to whether the defendant turned to the left or right of the silent policeman but the testimony as to this and all other questions of fact is too evenly balanced to permit any action thereon by this court.

In regard to the right of way the court charged the jury as follows:

" If you find it to be the fact that he [defendant] had turned to his left and had swung and was then to that extent a portion of traffic crossing at an intersection opposite to that of the oncoming motorcycle, this rule would give the right of way to the oncoming motorcycle, subject to this limitation, that the right of way would only go to the oncoming motorcycle if they were equi-distant from the intersection, and proceeding at substantially the same rate of speed. If you find as a fact that they were not equi-distant from the intersection, that the motorcycle was a great distance off from that intersection of Front street and Village avenue, and that the Buick car was close up to the intersection, why then as a matter of law the right of way does not go to the motorcycle, but becomes a question of fact for you to decide as to whether or not there was any right of way involved in the matter at all, and then you will decide whether or not under the circumstances and conditions as you decide them to have been at that time, whether a reasonably prudent man would do as this defendant did, turn at that point and seek to effect a crossing in the light of the oncoming traffic at such distance as you decide it was at the time he was proceeding to effect a crossing. If you decide that he was doing that which a reasonably prudent person should do, in the light of the distance from him at the time of these oncoming vehicles, you are free to hold as a matter of practical fact that he was doing that which a reasonably prudent person should do, and may hold that he was not guilty of negligence, but if you find that they were equi-distant from that intersection of Front street and Village avenue, then the right-of-way goes to the motorcycle, and a refraining from giving that may be the basis of a finding or holding by you that the defendant was guilty of negligence in the manner in which he operated the car at that time.

" So, you see, this right of way does not really have any application to this case unless you find they were equi-distant from that point at that intersection. If you find that they were not at the time of traffic starting up on either or both streets, the question of right of way has no application here at all. If you find that they were equi-distant, then it has application in the manner I have just indicated to you. In connection with that there comes in the question of your deciding the relative speeds of the vehicles; if they were going at different speeds which equalized their differing distances from the intersection in the same manner as equi-distance then that has a bearing on right of way. You will consider under all the circumstances whether this defendant was doing that which a reasonably prudent man should have done under the circum-

stances. Was there anything he did or did not do that a reasonably prudent man should not have done or should have done? That is what it all sums up to finally."

In *Ward* v. *Clark* (232 N. Y. 195) the Court of Appeals had this situation before it, a collision between two autos at a street intersection. As they approached the intersection the defendant was on the plaintiff's right and, therefore, under the General Highway Traffic Law (§ 12, subd. 4; Consol. Laws, chap. 70) the defendant had the right of way. The distances from the point of intersection are given as follows: When plaintiff first saw the defendant the plaintiff was seventy-five feet and the defendant one hundred and fifty feet away; and when plaintiff next observed the defendant plaintiff was forty feet and the defendant eighty feet away. This shows that the defendant was proceeding at just double the rate of speed at which plaintiff was going, although it is stated that their rate of progress seemed to be the same. The street was thirty feet wide. It seems a mathematical certainty that if they both maintained the rate of speed at which they were then proceeding a collision would occur. The plaintiff accelerated his speed in an unsuccessful endeavor to get across first and he was absolved from contributory negligence. Further than this it seems to me that the courts cannot go unless the statute upon this subject is to be entirely emasculated. That, however, was a peculiar case. The defendant admitted that he had not seen the plaintiff's car until the instant of collision. He also admitted the fault was his and offered to make good the loss. As I read that case, all the court decided was that under the peculiar circumstances of that case the right of way was not a controlling factor. It, however, did not eliminate it as a factor for the jury's consideration. The right of way as fixed by statute had been properly submitted to the jury for their consideration and it was held that an appellate court could not say, as a matter of law, that their conclusion thereon was erroneous. This is far from saying that it was not an element for the jury's consideration. The court said (p. 198): " A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It helps us little when without it the balance would be unequal. A right of way might turn the scales if, when the plaintiff started to cross, the cars had been equidistant, or nearly so, from the point of the collision, due regard being had also for the speed of their approach. Even with the distances what they were, it was an element which the triers of the facts were to consider in their estimate of conduct. That, in the circumstances of this case, is, we think, the extent of its significance."

Under the charge in this case the jury could entirely disregard

the element of the right of way. It is true the charge followed closely the language of the Court of Appeals, but I think the court did not express their idea, which, as I have previously stated, was that under the circumstances under consideration in the *Ward Case* (*supra*) the question of the right of way did not control the determination of the jury but was to be considered by them. If the evidence in favor of the defendant clearly preponderated, it might be assumed that the objectionable portion of the court's charge was without effect, but the evidence here is so nearly equal in weight that this error cannot be safely disregarded.

Upon cross-examination the defendant stated that he knew the rule of the road where two vehicles approach each other at an intersecting street, but when he was asked to give the rule and to state who had the right of way the testimony was excluded. This was error. The jury might view the defendant's testimony in an entirely different manner if he had an erroneous view of his rights. (*Grabenstein* v. *Metropolitan St. R. Co.*, 84 N. Y. Supp. 261; *Kramer* v. *Metropolitan St. R. Co.*, 86 id. 33; *Finkel* v. *Davidson*, 23 Misc. Rep. 764.)

The judgment and order should be reversed on the law and a new trial granted, costs to abide the event.

RICH and MANNING, JJ., concur; KELLY, P. J., and KAPPER, J., dissent.

Judgment and order reversed on the law and new trial granted, with costs to abide the event.