Erastus D. Edick, Appellant, *v.* Lester S. Davenport,
Respondent.

Fourth Department, November 9, 1926.

**Motor vehicles — action by pedestrian for injuries suffered when motor
truck with which defendant's automobile collided ran onto sidewalk
and struck plaintiff — collision occurred at street intersection — error
to grant nonsuit at close of plaintiff's case — plaintiff did not, as
matter of law, fail to show negligence in defendant — right of way
rule (General Highway Traffic Law, § 12, subd. 4) did not, as matter
of law, place all responsibility on driver of motor truck approaching
from defendant's left — questions whether defendant was negligent
and his negligence at least partial cause of accident were for jury.**

In an action to recover for injuries suffered when a motor truck with which
defendant's automobile collided ran onto the sidewalk and struck plaintiff, it
was error for the court to grant a nonsuit at the close of plaintiff's case, since
it appears that while the motor truck was approaching from defendant's left
at a street intersection, the defendant's automobile was being driven at a high
rate of speed, and that the defendant could have avoided a collision with the
motor truck if he had turned to the left instead of to the right just before the
collision.

Under the testimony the plaintiff did not, as a matter of law, fail to establish
negligence on the part of the defendant, and furthermore, the right of way
rule (General Highway Traffic Law, § 12, subd. 4) did not require a nonsuit
by imposing all possible responsibility upon the driver of the motor truck who
was approaching from defendant's left, for under the circumstances he was not
bound, as a matter of law, to stop.

Whether or not the defendant was negligent and his negligence at least a partial
proximate cause of plaintiff's injury were questions for the jury.

Appeal by the plaintiff, Erastus D. Edick, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of Oswego on the 28th day of June,
1926, upon the dismissal of the complaint at the close of the
plaintiff's case.

*Page, Lay & Baker,* for the appellant.

*Harold M. Meegan [Arthur C. Mead* of counsel], for the respondent.

Per Curiam. On September 19, 1925, in the daytime, the
plaintiff, appellant, was on his premises on the easterly side of
Railroad street just north of Main street in the village of Parish,
N. Y. Respondent was driving a Ford sedan westerly on Main
street, and one Fogg was driving a truck northerly on Railroad
street. There was credible testimony that respondent was driving
at a high rate of speed; that the two automobiles reached the
street intersection at about the same time; that the respondent's
sedan slid along the pavement from thirty-six to sixty feet immedi-

ately before the collision; that respondent's car swerved to its right just before the impact; that the automobiles collided northerly and westerly of the center of the intersection of Main and Railroad streets; that the respondent's sedan struck the right rear wheel of the Fogg truck, reasonably indicating that if respondent had been running more slowly or had turned toward the left, he would have avoided the truck, which had evidently been turned toward the left to escape the sedan. As a result of the collision the rear of the Fogg truck was swung to the west, and it ran on northeasterly thirty or forty feet up over the curb and against the appellant, injuring him. When appellant's case was in, the court granted nonsuit on the ground that there was no evidence of negligence in respondent.

Under the indicated testimony the appellant did not as a matter of law fail to establish negligence in respondent. Furthermore, the " right of way rule " (Gen. Highway Traffic Law, § 12, subd. 4)* did not require a nonsuit by fastening all possible responsibility upon Fogg, the driver of the north-bound truck; for, under the testimony, Fogg (unlike the plaintiff in *Shirley* v. *Larkin Co.,* 239 N. Y. 94) was not as a matter of law placed in a position where he was bound to avoid a collision by slowing down or stopping his truck. Whether or not respondent was negligent and his negligence at least a partial, proximate cause of appellant's being injured, were jury questions. (*Hancock* v. *Steber,* 208 App. Div. 455; *Ward* v. *Clark,* 232 N. Y. 195.)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ.

Judgment reversed on the law and new trial granted, with costs to appellant to abide the event.