CHARLES C. WALLACE, as Administrator, etc., of ELFA WALLACE, Deceased, Appellant, v. GRACE P. D'APRILE and Another, Respondents.

Third Department, July 1, 1927.

Motor vehicles — action for death of plaintiff's wife — plaintiff may recover though jointly negligent and sole beneficiary of judgment — plaintiff's evidence shows that his automobile was passing another going in same direction — as plaintiff's automobile was abreast of other, defendants' automobile came into view 1,050 feet ahead, traveling at forty-five miles per hour — collision occurred as plaintiff's automobile was turning to right in front of automobile he was passing — error to dismiss complaint on merits on disagreement of jury.

A husband, suing as an administrator of his wife to recover damages for her wrongful death, caused by a collision between an automobile driven by the husband and an automobile belonging to the defendant, may recover, notwithstanding the husband and the defendant may both have been negligent, and even though the husband is the sole beneficiary of the judgment.

Plaintiff's evidence tends to show that just prior to the accident he started to pass an automobile truck going in the same direction in which he was driving; that as he was opposite the truck, defendants' automobile, traveling in the opposite direction at about forty-five miles per hour, came into sight about 1,050 feet ahead; that plaintiff had nearly passed the truck and was turning to the right in front of the truck when his automobile was struck on the side by defendants' automobile; that the truck was approximately two feet off the shoulder of the road; and that the defendants testified that there was room for three cars to pass on the road at the point where the accident occurred. Under the evidence introduced by the plaintiff, it was error for the court to dismiss the complaint on the merits following a disagreement by the jury.

The fact that the defendants had the right of way was not very important, especially in view of the fact that the person injured was not driving the automobile in which she was riding. The right of way rule does not absolve one from the exercise of due care.

APPEAL by the plaintiff, Charles C. Wallace, from an order of the Supreme Court, made at the Otsego Trial Term and entered in the office of the clerk of the county of Otsego on the 27th day of December, 1926, granting defendants' motion for a nonsuit and dismissing the complaint on the merits, and also from a judgment entered in said clerk's office on the same day, pursuant to said order.

*Owen C. Becker* [*Charles C. Flaesch* of counsel], for the appellant.

*Frank J. O' Neill* [*O. L. Van Horne* of counsel], for the respondents.

COCHRANE, P. J. The plaintiff, as administrator of his wife's estate, brings this action to recover for her death due to the alleged negligence of the defendants resulting in a collision between an automobile driven by the plaintiff and one owned by the

defendant Grace P. D'Aprile and driven by her husband, the defendant James C. D'Aprile, both being in the automobile at the time of the collision. If we assume that the plaintiff was negligent, nevertheless his right to recover judgment for his wife's death against another jointly negligent with himself even though he be the sole beneficiary of the judgment is established by the case of *McKay* v. *Syracuse Rapid R. Transit Company* (208 N. Y. 359), setting at rest a question which was theretofore unsettled in the courts of this State as well as in the courts of other jurisdictions. This case was submitted to the jury by the trial justice. The jury failed to agree and the trial justice thereupon dismissed the complaint on the merits. The question before us, therefore, is whether the most favorable aspect of the evidence entitled the plaintiff to go to the jury. Plaintiff was driving a Ford four-passenger sedan. He was seated at the left of the car and behind him was his wife who was killed in the accident. At his right was a neighbor named Miller and behind him was Miller's wife. They were driving southerly on a State road. The macadam was seventeen and one-half feet wide, the west shoulder four feet wide and the east shoulder five feet wide, the two shoulders being practically level with the macadam. Adjoining the east shoulder was a stone wall three or four feet high. The accident happened while plaintiff was trying to pass a Ford truck ahead of him traveling in the same direction, the defendants driving a Marmon car approaching from the opposite direction. Ahead of the plaintiff at the time of the accident the road was straight for one thousand and fifty feet. Plaintiff and Miller testified to substantially the same facts. Their testimony is that when about fifty feet behind the truck plaintiff blew his horn and turned out to pass. The truck was traveling ten or twelve miles an hour. Its right wheels were six inches or one foot off of the macadam on the right shoulder. So the truck driver also testifies. In an effort to pass the truck plaintiff speeded up his Ford to about twenty or twenty-two miles an hour. They were a little more than half way past the truck when the Marmon first came in sight. Plaintiff says he was just turning to pass the front end of the truck and that he was traveling towards the westerly side of the road turning in ahead of the truck. Miller testifies that when the collision took place the plaintiff's car was " just ahead of the truck and turning into his own side of the road." The Marmon was approaching at a speed of about forty-five miles an hour. At this speed it would traverse the entire distance of one thousand and fifty feet in sixteen seconds. When opposite the truck and when he first saw the Marmon approaching plaintiff blew his horn for the third time. It thus appears from

Third Department, July, 1927.                    [Vol. 221

the testimony of these two witnesses that they had reached such a position ahead of the truck that plaintiff was drawing to his right ahead of the truck. They say that as they passed the truck there was a clearance of about two feet between the car and truck. There is no evidence as to the width of the respective cars and how much space there would be for the Marmon car to pass between the plaintiff's Ford and the stone wall assuming that they were passing side by side. But the defendant on this point himself testified as follows: " Q. When you were driving down there on the right hand side of the road or easterly side, and the Ford truck was proceeding in the opposite direction on the other side, was there room between the Ford truck and your car so that all three of these cars could have passed had not Mr. Wallace's car turned from one side to the other? A. Absolutely." This testimony is to be considered in connection with that on the part of plaintiff that he passed the truck with a clearance of two feet. It is not, however, a question merely of whether there was room for three cars to pass side by side for plaintiff and Miller testified as above indicated that they were gradually drawing in ahead of the truck or over to their right. It seems to be undisputed that the Ford car was struck by the Marmon about in its center or back of the front door which lends credence to plaintiff's contention. It manifestly was not a head-on collision. That indicates that the defendants were further to the west of the road than they should have been and that they struck the plaintiff's car while he was in the act of turning to his right so as to present the side of his car toward the approaching Marmon in such a way that it was struck in the center. The jury could well have found the facts as above stated. We have then a situation where the defendant admits that the three cars might have passed each other side by side and the evidence on the part of the plaintiff is that he passed the truck with a clearance of only two feet between his car and the truck and that he was drawing toward the westerly side of the road ahead of the truck at the time of the collision. This places the Marmon car further to the left than it should have been in order to avoid the accident. It is true that the defendants had the right of way and also that it was the duty of the plaintiff to see that the road ahead of him was clear when he attempted to pass the truck. His testimony and that of Miller is that it was clear until he got abreast of the truck when the Marmon first came in sight. Mathematical computations based on the estimates of witnesses as to time and distances are suggested by the defendants. Such computations are of little value because the estimates on which they are based are mere conjectures of witnesses necessarily

lacking in accuracy. But in an action of this kind the question of the right of way is not very controlling. This is an action in behalf of a third party who had no control of either car. The defendants although they had the right of way were not absolved from the exercise of due care. They could not rush along heedlessly merely because they had the right of way. It was their duty to act with reasonable care to avoid the accident even though the plaintiff negligently obstructed their course. Their evidence presents a different version of the accident. But this appeal must be decided on the testimony most favorable to the plaintiff. On such testimony as above indicated which might have been found by the jury we think the jury might also properly have drawn the inference that the defendants were negligent. It was, therefore, error to dismiss the complaint.

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

VAN KIRK, MCCANN, DAVIS and WHITMYER, JJ., concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.