GLADYS M. SHUMAN, as Administratrix of the Estate of AMZIE W. SHUMAN, Deceased, Appellant, v. CHAUNCEY HALL et al., Respondents.

Negligence — motor vehicles — Highway Traffic Law — duties of drivers of automobiles meeting at intersection — driver of car killed by being struck by car approaching from his right — not guilty of contributory negligence as matter of law where evidence shows he proceeded cautiously and gave notice of his approach.

1. The application of subdivision 4 of section 12 of the General Highway Traffic Law (Cons. Laws, ch. 70), which reads: " Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right," must depend upon all the surrounding circumstances, the distance of the cars from the intersecting point,

the speed and relative duties placed upon each. If the two vehicles are so near the intersecting point that there is a chance of collision if both keep on at the same speed, then the statute says the vehicle approaching from the right may take precedence. The vehicle having the subordinate right must not take chances, make close calculations, try to slip by on a chance; it must give way to the vehicle on the right when it is anywhere near the crossing. The driver coming from the right is equally obliged to exercise care. As he approaches the intersection he must have the same control of his car and approach it with the same degree of care as is required of the driver coming on his left. He is required in turning a corner to drive with extreme caution and under control (Gen. Highway Traffic Law, § 11, subd. 3) and upon approaching an intersecting highway or a curve or corner he is required to slow down and give a signal by horn or other device. (Highway Law, § 286, subd. 8.)

2. Where, therefore, on trial of an action for the death of the driver of an automobile, who, while driving along a straight road, was struck by defendant's automobile coming in on a road on the right which joins but does not intersect the road on which decedent was driving, it appears that decedent on approaching the corner where his view to the right was obstructed, slowed down to eighteen miles an hour and blew his horn and when he first saw defendant's car thirty feet away coming fast, no signals having been given, swerved to the left and accelerated his speed, it cannot be said as matter of law that decedent was guilty of contributory negligence. A question is presented for the jury and a dismissal of the complaint is error.

*Shuman* v. *Hall,* 219 App. Div. 75, reversed.

(Argued June 21, 1927, decided July 20, 1927.)

Appeal from a judgment, entered December 31, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 31, 1926, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Ivan A. Gardner* and *Charles E. Taylor* for appellant. There was proof to sustain the jury's finding that defendants were negligent and intestate free from negligence, and the Appellate Division erred in dismissing the com-

plaint. (*Hoykendorf* v. *Bradley Contracting Co.*, 227 N. Y. 204; *Waddle* v. *Cabana*, 220 N. Y. 18; *Metzger* v. *Cushman's Sons, Inc.*, 243 N. Y. 118; *Demarest* v. *42nd St., M. & St. N. Avenue R. Co.*, 104 App. Div. 503; *Boston Ins. Co.* v. *Brooklyn Heights R. Co.*, 182 App. Div. 1; *Ward* v. *Clark*, 232 N. Y. 195; *Brillinger* v. *Ozias*, 186 App. Div. 221; *Salm* v. *Bleau*, 210 App. Div. 554.)

*John Bright* and *William J. Lamont* for respondents. The evidence shows that the cause of the accident was Shuman's reckless disregard of the Highway Traffic Law. (General Highway Traffic Law, § 12, subd. 4; *Ward* v. *Clark*, 232 N. Y. 195; *Brillinger* v. *Ozias*, 186 App. Div. 221; *Shirley* v. *Larkin*, 239 N. Y. 94.)

CRANE, J. The Maybrook and Campbell Hall road in Orange county runs about east and west. The Neelytown road enters it from the north. At the junction the Neelytown road spreads out, turning by one fork toward the west in the direction of Campbell Hall and by the other fork to the east, or in the direction of Maybrook. Between the forks of the road at the junction is a triangular grass plat. While the Neelytown road at this point joins the other road, it does not cross it. Persons coming down the Neelytown road must turn either to the right or to the left to enter the Maybrook-Campbell Hall road.

On the 22d day of August, 1925, early in the morning, Amzie W. Shuman, a conductor on the Lehigh and Hudson railroad, was driving his car in a westerly direction along the Maybrook road, approaching the Neelytown road. He had other railroad employees in the car with him, and was going to his home in Warwick, as the railroad terminated at Maybrook. As he approached the junction of these two roads, he blew his horn several times, and slowed down to about eighteen miles an hour. As he was thus proceeding, the Neelytown road entered at his right, or from the north. His view was obstructed. So also was the view of any person

riding on the Neelytown road. Trees and bushes in full foliage obscured the view of approaching vehicles until the intersection of the highways was reached.

The defendants, Chauncey Hall, and his wife, Anna Hall, were coming along the Neelytown road in their Dodge car. Their view of Shuman in his Cleveland car was obstructed by the same trees and bushes and tall grass which obstructed Shuman's view of them. The two cars collided at the intersection and Shuman was killed. The judgment which his administrator recovered against Hall and his wife for their negligence in causing Shuman's death has been reversed by the Appellate Division and the complaint dismissed, two of the justices dissenting.

The rights of the road and the questions which arise over collisions at intersections of highways are always more or less perplexing. In many of the cases which come before the appellate courts it is difficult to know where to put the blame or to determine when on evidence most favorable to the plaintiff a cause of action has been made out. Much of the uncertainty is due, no doubt, to subdivision 4, section 12 of the General Highway Traffic Law (Cons. Laws, ch. 70), which reads: " Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." We have had occasion in other cases to construe this law. (*Metzger* v. *Cushman's Sons, Inc.*, 243 N. Y. 118; *Shirley* v. *Larkin Co.*, 239 N. Y. 94; *Ward* v. *Clark*, 232 N. Y. 195.)

As we stated in these cases, it is apparent that the application of this statute must depend upon all the surrounding circumstances, the distance of the cars from the intersecting point, the speed and the relative duties placed upon each. The law does not attempt to say at what particular point the vehicle having the subordinate right must stop or give way. The main purpose of this provision is to demand care of the driver commensurate with the danger, and to require of the driver approaching

a street with a vehicle coming from his right to slow up and let that vehicle pass when their positions are such that a reasonably careful man might otherwise be in doubt as to which should go first. If the two vehicles are so near the intersecting point that there is a chance of collision if both keep on at the same speed, then the statute says the vehicle approaching from the right may take precedence. This is no finespun distinction. Driving motor cars is a practical matter, and the statute requires and demands care of both drivers. The highway laws are full of these injunctions, and they are to be obeyed. Circumstances and conditions vary, and we must apply these injunctions and directions to give effect to them if possible. The vehicle having the subordinate right must not take chances, make close calculations, try to slip by on a chance; it must give way to the vehicle on the right when it is anywhere near the crossing. Only in this way can these serious accidents be avoided.

On the other hand, the statute cannot be pressed too far. The intersections of all streets and highways are so numerous that one driver must rely upon the prudence and carefulness of another. No one driver is to obey the rules; all must obey them. The driver coming from the right is equally obliged to exercise care. He also must look out for vehicles coming from his right, so that as he approaches the intersection he must have the same control of his car, and approach it with the same degree of care as is required of the driver coming on his left. More than that, the General Highway Traffic Law, section 11, subdivision 3, says: "In turning a corner of intersecting streets a vehicle shall be driven with extreme caution and under control."

This was the duty required of the defendant Hall in driving his car. He did not have a straight road ahead; he was obliged to turn into the main highway; he could not see around the corner; he was about to turn into traffic. Natural instinct as well as the statute would

suggest extreme caution in making this turn. Shuman had to make no turn; he was going ahead on a clear open road; the danger, if any, arose from the turning into the road of another vehicle, not from any change in direction made by Shuman. Hall had another duty to perform. Subdivision 8 of section 286 of the Highway Law (Cons. Laws, ch. 25) says: " Upon approaching an intersecting highway or a curve or a corner in a highway where the operator's view is obstructed, every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn or other device for signaling."

Shuman, therefore, in going along the Maybrook-Campbell Hall road approaching the Neelytown road, while obliged to comply with subdivision 4 of article. 12 of the General Highway Traffic Law, had the right to assume that a car coming on the Neelytown road would comply with subdivision 3 of section 11 of that law, and subdivision 8 of section 286 of the Highway Law. Or to put it in plain language, he had the right to assume that Hall, in coming to the turn where his view up the Maybrook-Campbell Hall road was obstructed would slow down and give a timely signal with his horn, and would turn the corner with extreme caution having his car under control.

Applying, therefore, all these provisions to this situation, what do we have from the evidence most favorable to the plaintiff? Shuman is driving his Cleveland car at a very moderate rate of speed. As he approaches the Neelytown road, he slows down to eighteen miles an hour; he blows his horn. As he reaches the intersection where he gets the first glimpse up the Neelytown road, he sees Hall's car thirty feet away, coming fast. This is the first notice which Shuman has had that Hall is there, as Hall failed to blow any horn. Shuman speeds ahead to pass, turns to his left to avoid Hall, and is struck near the back wheel as he has almost crossed the

full width of the Neelytown road. Who under the circumstances was guilty of neglect? Who in ordinary judgment should have avoided the collision? Hall was coming fast; the statute says he should turn into a road with *extreme* caution. He gave no signal; the statute says that he should have blown a horn. He went thirty feet after he saw or could have seen Shuman's car at the crossing; the statute says that in using extreme caution he should have had his car under control. What did Shuman do? He slowed down to eighteen miles an hour; he was going straight ahead in a clear road; he did not change his direction; he blew his horn and gave his signal; he relied on a car coming out of the Neelytown road giving a signal and turning with extreme caution. When he saw Hall thirty feet away, coming fast, having given no signal, he swerved to the left, accelerated his speed to avoid Hall. Was he under these circumstances negligent as matter of law? Can we say, as matter of law, that if he had stopped short in the road at the intersection, Hall would not have struck him just the same? Would he not then have been charged with contributory negligence in not getting out of the way? One thing Shuman was not obliged to do as matter of law; he was not obliged to stop his car, get out and look around the bushes to find out if Hall was coming. He had a right to proceed ahead on his own road, provided he drove carefully, slowly and with caution at intersections, giving notice of his approach.

Of course, in view of the dismissal of the complaint by the Appellate Division, I have taken the evidence, and stated the facts most favorable to the plaintiff. I by no means intend to indicate that these are the facts. On a subsequent trial of this case, care must be taken that no intimation is given that we in anything said here have passed judgment upon the merits of this case. The facts here stated are disputed and must be decided by a jury. All that I have said and intend to say is that

upon this evidence the case is one for the jury, and not for the court.

For the reasons here stated, the judgment of the Appellate Division in so far as it dismisses the complaint, should be reversed and a new trial granted, costs to abide the event.

Cardozo, Ch. J., Pound, Lehman, Kellogg and O'Brien, JJ., concur; Andrews, J., absent.

Judgment accordingly.