HARRY KOSOWSKY, Respondent, v. ADOLPH H. COLLER and ANNETTE COLLER, Appellants.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. We are of opinion that plaintiff was guilty of contributory negligence as a matter of law. He did not testify that he looked, but testified that he did not see the defendants' car before the collision, under circumstances justifying the presumption that he would have seen it had he looked. Both his witnesses, one of whom was driving a car immediately behind him, testified that they saw defendants' car before the accident. His witness Turby saw defendants' car when it was one hundred feet from the corner, and the taxi driver, ten feet behind plaintiff, saw it before the accident long enough to estimate the speed at which it was traveling. (*Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Ward* v. *Clark*, 232 N. Y. 195, 198.) Notwithstanding the fact that plaintiff had the right of way, it was his duty to use reasonable care to avoid a collision. (*Wallace* v. *D'Aprile*, 221 App. Div. 402; *Hood* v. *Stowe*, 191 id. 614, 617; *Shuman* v. *Hall*, 246 N. Y. 51; *Clark* v. *Doolittle*, 205 App. Div. 697, 699.) Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

LLOYDS FIRST MORTGAGE CORPORATION, Respondent, v. HURTJAM REALTY CORPORATION and Others, Defendants, and GREATER NEW YORK EXPORT HOUSE, INC., Appellant.█— Order striking out answer modified so as to provide that the motion be granted to the extent of striking out the separate defenses, and as so modified affirmed, without costs. Upon the denial the issue of the amount advanced under the mortgage must be tried. This issue should be tried immediately upon application for a preference. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

MINNIE MARSHALL, Respondent, v. GERALDINE NORTON and MILEAGE GAS CORPORATION, Appellants.— Order denying motion to vacate injunction order reversed upon the law, with ten dollars costs and disbursements, and motion granted, without costs. The action of the board of standards and appeals, affirmed by the Supreme Court, unreversed at this time, legalizes the action of the defendants. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

IDA NEUFELD, Respondent, v. ISAAC RUDNICK, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

JOHN J. O'NEILL, as Administrator ad Prosequendum of the Goods, Chattels and Credits of HELEN MARIE O'NEILL, Deceased, Appellant, v. CITY OF PORT JERVIS and ISAAC COHEN, Respondents, and Others, Defendants.— Judgment affirmed, with costs. We are of opinion that on the facts presented by the record the alleged illegal obstruction was not the proximate cause of the accident. Lazansky, P. J., Hagarty and Carswell, JJ., concur; Young and Seeger, JJ., dissent and vote to reverse and for a new trial upon the ground that the evidence was sufficient to justify a finding that the obstruction in the street was a nuisance for which both the owner and the city were responsible. (*Sweet* v. *Perkins*, 196 N. Y. 482.)