GERTRUDE PLANTZ, an Infant, by HARRY J. PLANTZ, Her Guardian ad Litem, Appellant, *v.* FRANK J. GREINER, Respondent.
LICIA B. PLANTZ, Appellant, *v.* FRANK J. GREINER, Respondent.
WINSLOW E. PLANTZ, Appellant, *v.* FRANK J. GREINER, Respondent.

Fourth Department, March 18, 1931.

*Larkin & Gualtieri* [*John P. Gualtieri* and *Michael J. Larkin* of counsel], for the appellants.

*Fuller, Brown & Hubbard* [*Ernest P. Felt* of counsel], for the respondent.

THOMPSON, J. On the northeast corner of the intersection of Jay street, which runs north and south, and Bloomfield street, which runs east and west, in the city of Rome, there is a house, the west wall of which is fifty feet from the east curb line of Jay street. Plaintiff car was proceeding westerly on Bloomfield street. As it approached Jay street, and just after passing the house on the corner at his right, the driver looked to the right and saw a car coming towards the intersection. This car passed over the intersection ahead of him. He did not, nor did any one in the car, then see defendant's car. When plaintiff car reached the crosswalk, which was located about eighteen feet east of the east curb line of Jay street, the driver again looked to his right, and as a point one hundred feet north he saw defendant's car coming south on Jay street. Jay street is twenty-four feet wide; so at the time of this observation plaintiff car was about thirty feet east of the center of Jay street. Proceeding to a point just beyond the intersection, the driver looked again and saw defendant's car bearing right down on him. He quickly turned to the left but hit car was struck by defendant's car just back of the right front wheel. Both cars were being operated at a speed of eighteen miles per hour.

Upon motion of defendant at the trial the court granted a nonsuit and dismissal of the complaint on these facts, holding as matter

of law that they failed to establish negligence on the part of defendant, and that the plaintiff, Winslow Plantz, owner and driver of plaintiff car, was guilty of contributory negligence under the right of way rule. This, we think, was error, the evidence presenting questions of fact both as to defendant's negligence and the contributory negligence of the driver-plaintiff, which should have been submitted to the jury. (*Salm* v. *Bleau,* 210 App. Div. 554; affd., 240 N. Y. 614.)

In such circumstances it cannot be said that defendant had the right of way as matter of law. The privilege conferred by this statute (Vehicle and Traffic Law, § 82, subd. 4) is not inflexible and absolute but depends upon the circumstances and considerations to be found in each case. If the rights of both parties, giving the facts and inferences proper weight and appropriate application, are equal, the rule operates and gives precedence to the car on the right, but it is of little consequence if the balance is unequal. When there are facts and inferences which may be resolved for or against this balance or equality of rights, we have a case for the jury, and the rule must be considered and given effect by it in connection with all of the evidence in the case. (*Metzger* v. *Cushman's Sons, Inc.,* 243 N. Y. 118; *Dauch* v. *Theed,* 209 App. Div. 682.) No finespun distinction can be made as matter of law on facts from which differing conclusions may be reached. This law is a rule of reasonable care, fair treatment and decent conduct. It is to be considered and applied by the triers of the facts as a practical matter, in the light and spirit of the supreme rule of the road, which is mutual forbearance. (*Shuman* v. *Hall,* 246 N. Y. 51, 55; *Shirley* v. *Larkin Co.,* 239 id. 94; *Ward* v. *Clark,* 232 id. 195, 198; *Edick* v. *Davenport,* 218 App. Div. 198; *Boylan* v. *Whitehouse,* 229 id. 372.)

The judgment in each case should be reversed and a new trial granted, with costs to appellants to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

In each case: Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.