Charles Bustard, Respondent, v. Clarence S. Lunt, Appellant. (Appeal No. 1.)

Mildred Bustard, Respondent, v. Clarence S. Lunt, Appellant. (Appeal No. 2.)

Ruth Bustard, by Charles Bustard, Her Guardian ad Litem, Respondent, v. Clarence S. Lunt, Appellant. (Appeal No. 3.)

Fourth Department, December 23, 1935.

*Charles W. Green*, for the appellant.

*William A. Ader* [*Arthur E. Sutherland* of counsel; *Donald N. Morris* with him on the brief], for the respondent Charles Bustard.

*Arthur E. Sutherland* [*Donald N. Morris* with him on the brief], for the respondents Mildred Bustard and Ruth Bustard, by Charles Bustard, her guardian *ad litem*.

TAYLOR, J. Buffalo road runs easterly and westerly. It is a concrete road of two strips each ten feet wide, supplemented on each side by a shoulder of bituminous macadam two feet wide and outside of that a dirt shoulder seven feet wide. Having in mind a straight portion of this road about 1,700 feet long and running slightly down grade from the west, Wegman road intersects from the northeast at an angle of about seventy degrees but does not cross the Buffalo road at a point 700 feet east of the westerly end of this stretch. Wegman road intersects the Buffalo road in the form of a " Y," that is, the macadam splits a few feet north of the north line of the Buffalo road and swerves in roadways easterly

and westerly into the Buffalo road. There is a line of telegraph poles and also a line of concrete posts between the highway and the fence on the north side of the Buffalo road and west of Wegman road. The eastmost of these concrete posts and poles are but a few feet from the westerly turn of Wegman road and a slightly greater distance from the concrete of the Buffalo road.

On August 11, 1934, at about five o'clock in the afternoon, a clear, dry day, plaintiff Charles Bustard was driving a Chrysler sedan east on Buffalo road intending to turn to his left northerly into Wegman road. In the Bustard car were his wife and small daughter Ruth. At the same time defendant was driving his automobile west on the Buffalo road. Plaintiff Charles Bustard made a turn to his left, the right front corner of defendant Lunt's car struck plaintiff's car on its right side and when the two cars came to a stop, plaintiff's car had broken off the eastmost concrete post just west of Wegman road, was standing with its front end near the eastmost telegraph pole and was pointing northwest; while the defendant's car was a few feet westerly of plaintiff's car and standing entirely upon the pavement of the Buffalo road and pointing to the north. In these actions brought by Charles Bustard, his wife Mildred and his daughter Ruth, judgments have been recovered by them in the amounts of $5,000, $3,000 and $500 respectively and defendant has appealed.

Plaintiffs' general claim is that Charles Bustard approached the intersection at a moderate rate of speed (which is conceded); that in ample time to give warning to defendant he extended his left arm indicating an intention to turn northerly into Wegman road; that he slackened his speed down to about eight to ten miles per hour and turned to his left on the easterly side of the point of inter- section of the center of Buffalo road and the center of the Wegman road extended southerly; that he had seen defendant approaching toward him, perhaps 1,000 feet away, at what seemed a moderate speed; that as plaintiff Charles Bustard began turning to the left he saw defendant's car coming at what seemed a safe distance away but at a higher rate of speed and that before Bustard could make the turn in safety and after he had reached a point a number of feet (plaintiff Charles Bustard testifies four or five feet) from the north edge of the concrete of the Buffalo road, defendant's car swerved toward the north, struck plaintiff's car and pushed it backward southwesterly in the direction whence it had come to the position which has been described. From the testimony presented in his behalf, defendant — while stating that he was driving from forty to forty-five miles per hour for the last 1,000 feet before the impact, during which time he did not slacken his speed, except, perhaps,

in the last eighteen or twenty feet — claims that he did not see Bustard extend his arm; that Bustard suddenly made a turn to his left some distance west of the point of intersection of the centers of the roads and that the left turn was made so suddenly by Charles Bustard that in spite of the best defendant could do he was unable to avoid colliding with plaintiff's car; and that the collision occurred on the northerly part of the concrete of the Buffalo road, instead of at a point some distance north of that road.

The map and photographs in evidence fully indicate to us the scene of the mishap and the positions and conditions of the two automobiles after the collision and it is our conclusion that plaintiff Charles Bustard was at least in part responsible for the damage done. For defendant's car to have swerved toward the north from the Buffalo road as plaintiffs contend and then to have collided with the plaintiff's car and shoved it back in the direction from which it had been coming to the position at which it came to rest, would seem to be impossible. The collision in all reasonable probability was on or near the concrete of the Buffalo road and westerly from the point around which Charles Bustard was obligated under the statute to make his turn to the left. In the circumstances, we are bound to conclude that as to Charles Bustard the finding of no contributory negligence was against the weight of the evidence and cannot be sustained. On the other hand, defendant's own story as to the speed at which he was going and the way in which he handled his car, taken with all the other circumstances presented, indicate that the jury finding of negligence in him which was at least partially responsible for the collision was reasonable. The " reckless driving " section (58), the " rules of the road " section (67), subdivision 5 of section 82 relative to " right of way " and subdivisions 2 and 10 of section 81 of the Vehicle and Traffic Law (Laws of 1929, chap. 54) all have a bearing on this case. The " mutual forbearance " rule, as stated in Shuman v. Hall (246 N. Y. 51) and Ward v. Clark (232 id. 195), is also to be borne in mind. Altogether we are of the opinion that as to plaintiff Charles Bustard the judgment and order denying motion for a new trial should be reversed upon the facts and a new trial granted, with costs to appellant to abide the event upon the ground that on the question of Charles Bustard's contributory negligence the verdict was against the weight of the evidence. As to plaintiffs Mildred Bustard and Ruth Bustard there is no claim that either of them was contributorily negligent; any negligence in Charles Bustard is not imputable to either of them, and their judgments and orders should be affirmed, with costs, upon the ground that the jury's finding of negligence in the defendant contributing to their injuries was fairly sustained by the evidence.

We do not regard the verdict of $3,000 for plaintiff Mildred Bustard as excessive, nor do we find reason for granting a new trial on account of the claimed misconduct of a juror.

In appeal No. 1: All concur.  Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

In appeal No. 1: Judgment and order denying motion for a new trial reversed on the facts and a new trial granted, with costs to the appellant to abide the event.   Appeal from order denying motion for a new trial on the ground of the misconduct of a juror dismissed, without costs, as academic in view of the decision here made.

In appeal No. 2: All concur.   Present — SEARS, P. J., TAYLOR EDGCOMB, THOMPSON and CROSBY, JJ.

In appeal No. 2: Judgment and orders affirmed, with costs.   (See opinion in case of Charles Bustard v. Lunt, decided herewith.)

In appeal No. 3: All concur.  ·Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

In appeal No. 3: Judgment and orders affirmed, with costs.   (See opinion in case of Charles Bustard v. Lunt, decided herewith.)