ANNIE MILLER, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action to recover damages for personal injuries sustained by plaintiff while alighting from defendant's trolley car. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

SOPHIE MIODOWNIK, Respondent, v. HERSCHEL MIODOWNIK, Appellant.— In an action brought for the annulment of a marriage on the ground of fraud, judgment in favor of plaintiff unanimously affirmed, with costs. The evidence is adequate to support the findings that defendant, by fraudulent representations of love and affection, induced the plaintiff to marry him when his true purpose was to secure entry into this country by securing a preferential visa as the husband of a United States citizen. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LOUIS GRETSCH, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HERBERT GRETSCH, Respondent.— Order of the County Court of Kings County dismissing the indictment herein as to respondents affirmed. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

DOLORES M. REIS, an Infant, by EMMA TAYLOR, Guardian ad Litem, Respondent., v. ROBERT REIS, Appellant.— Order granting motion of the plaintiff for alimony and counsel fee to the extent of directing defendant to pay a counsel fee in the sum of $500, and otherwise denying it, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

MALCOLM SCOTT, an Infant, by CLARA SCOTT, His Guardian ad Litem, CLARA SCOTT, and MANHATTAN PONTIAC CORPORATION, Respondents, v. THE CITY OF NEW YORK, Appellant.— Action by Clara Scott, individually and as guardian ad litem of Malcolm Scott, an infant, for damages for personal injuries sustained by reason of alleged negligence causing a collision between a motorcycle operated by the infant and a sanitation truck, and for loss of services and expenses. Consolidated therewith is an action by the owner of the motorcycle for damages thereto. Judgment for plaintiffs reversed on the law and a new trial granted, with costs to abide the event. It was error to refuse to charge that even though the vehicle coming from the right may have the right-of-way, the operator thereof is bound to use due care and if he sees that an accident might happen if he continues on his way without slackening his speed, then the duty is put on him to slow up or attempt to avoid an impending accident. The request, to the effect that it is also a duty upon the part of the driver of the vehicle coming from the right to have the same control of his car and exercise the same degree of care in approaching the intersection as is required of the driver coming from his left, and the request that the right-of-way statute does not give the absolute right-of-way to the vehicle approaching from the right, may be deemed to be included in the first request. (*Shuman* v. *Hall*, 246 N. Y. 51; *Ward* v. *Clark*, 232 id. 195; *Metzger* v. *Cushman's Sons, Inc.*, 243 id. 118; *Kosowsky* v. *Coller*, 227 App. Div. 740; *Plantz* v. *Greiner*, 232 id. 73.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.