Harold Reynolds, Claimant, v. The State of New York, Defendant.
(Claim No. 25355.)
Court of Claims, June 19, 1940.

Carroll & Amyot [James J. Carroll of counsel], for the claimant.

John J. Bennett, Jr., Attorney-General [James H. Glavin, Jr., Assistant Attorney-General, and Clarence B. Kilmer of counsel], for the defendant.

Murphy, J. This claim arises out of an intersection collision that occurred at Globerson's Corners on the Albany-Saratoga Springs highway on November 10, 1938.

The highway is a part of the highway system of the State. The pavement is of concrete construction thirty feet in width laid in three ten-foot strips and it is a much-traveled highway. At Globerson's Corners it forms an intersection with Marrin avenue, which is a twenty-foot macadam highway running east and west, and with Crescent avenue, which is a continuation of Marrin avenue, and which runs southeasterly from the Albany-Saratoga Springs highway to the city of Saratoga Springs.

The claimant, Harold Reynolds, was operating a Chevrolet truck northerly on the Albany-Saratoga Springs highway. He was accompanied by Clarence Richards, the owner of the truck, and Frank Burlett, a passenger or invitee. As Reynolds approached the intersection Ernest Lewis, an employee of the State, was operating a Chevrolet sedan, the property of the State, easterly on Marrin avenue and toward the intersection. For several hundred feet Lewis, as he drove easterly on Marrin avenue, was in full view of Reynolds as Reynolds drove northerly on the Albany-Saratoga Springs highway and for several hundred feet Reynolds, as he drove northerly on the Albany-Saratoga Springs highway, was in full view of Lewis as Lewis drove easterly on Marrin avenue.

Reynolds, as he approached the intersection, was operating the truck at the rate of about twenty-five to thirty miles an hour and he came into the intersection at such rate of speed. Lewis drove easterly on Marrin avenue at the rate of about twenty-five to thirty miles an hour to a point about fifty feet west of the intersection where, in obedience to a stop sign, he stopped his automobile but immediately started it and proceeded toward the intersection. As he entered the intersection he was operating the automobile at about twenty miles an hour and at such rate proceeded to cross the intersection.

Neither operator did or would yield the road to the other, and the inevitable, the collision, occurred with much damage to both vehicles and some slight and some serious personal injuries to the occupants of both vehicles.

A rational view of all the circumstances would seem to be that both operators miscalculated, that Lewis thought Reynolds would reduce his speed and Reynolds thought Lewis would not come into the intersection and each thought he could pass the intersection without collision. If this be so, each took the chance and the chance for both failed and the legal result is that each must be charged with negligence. The degree in which either was negligent is of no legal consequence and in the circumstances a cause of action by either is not sustainable.

It is claimed that Reynolds had the right of way because he was approaching the intersection from Lewis' right (Vehicle and Traffic Law, § 82, subd. 4), and again because Lewis was entering the State highway from an intersecting road or highway where a stop sign was erected. (Vehicle and Traffic Law, § 95-d.) Literally this is true and doubtless Reynolds had the dominant position, but this did not absolve him from acting prudently and exercising reasonable care nor did it give him the right to approach and enter the intersection without reducing the speed of his automobile.

These requirements of the statute are no more than a rational expression or interpretation of the rule of reasonable care. They simply announce reasonable rules that should fashion and control the conduct of reasonably prudent men in such situations in the absence of any statute.

A rule for conduct in a similar situation to the one here presented is stated by Judge CARDOZO in his opinion in *Ward* v. *Clark* (232 N. Y. 195), and there he says, " The supreme rule of the road is the rule of mutual forbearance."' The wisdom and soundness of this rule cannot be successfully questioned. It has received uniform approval and application. (*Plantz* v. *Greiner*, 232 App. Div. 73, and cases cited; *Shuman* v. *Hall*, 246 N. Y. 51, and cases cited.) If it is observed there will be few or no intersection collisions, and if in this case it had been observed, the collision would have been avoided.

There was no forbearance exercised by either operator. The negligence of each was a contributing cause to the collision and the claim of the claimant and the counterclaim of the State must be dismissed.

BARRETT, P. J., concurs.