■    KENDRICK G. FRANCE, Respondent, v. JOHN D. SHANNON, as Administrator of the Estate of THOMAS E. SHANNON, Deceased, et al., Defendants, and CHRISTIAN X. KOURAY, as Surviving Administrator of the Estate of LOUIS ANGELO, Deceased, Appellant. (And Another Action.)

Herlihy, P. J., Reynolds and Greenblott, JJ., concur; Cooke, J., dissents and votes to affirm in the following memorandum: The jury's determination in favor of plaintiff passengers should not be disturbed. First of all, there was a considerable body of proof establishing negligence on the part of Angelo, with whom plaintiffs were riding. The uncontradicted evidence was that he was traveling about 70 miles an hour at a place where a 40 mile speed limit was in existence (cf. *Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20, 29; *Healy* v. *Rennert*, 9 N Y 2d 202, 211; see Vehicle and Traffic Law, § 1180, subd. [b]). There was also proof from which it could be concluded that his speed was not reasonable and prudent under the conditions and in regard to the actual and potential hazards then existing (see Vehicle and Traffic Law, § 1180, subd. [a]) since it was proven that he was proceeding downgrade, upon both westbound lanes, at nighttime, while raining and slippery and as he was approaching a left hand curve, around which one could not see. Furthermore, the record reveals facts from which it could be found that Angelo failed to use reasonable care to avoid an accident. There was testimony that the Shannon vehicle was in view and on the wrong side of the highway from three to ten seconds and that when first seen it was about 500 feet distant. The highway consisted of four lanes, two for westbound and two for eastbound traffic. In the center there was no raised divider but rather a flat area level with the pavement, covered by macadam, testified to as being about as wide as a car but appearing from the exhibits to be considerably less. There was evidence that the Angelo vehicle, as it approached the point of impact, was "straddling both of the westbound lanes" and that, when the Shannon car came in view, Angelo did nothing to reduce his speed and kept going straight without changing course. Merely because Angelo had the right of way, he could not rush along heedlessly, for it was his duty to act with reasonable care to avoid the accident (*Wallace* v. *D'Aprile*, 221 App. Div. 402, 405; *De Rosa* v. *Harnett*, 254 App. Div. 684; *Kosowsky* v. *Coller*, 227 App. Div. 740). Secondly, the jury had a right to find that the negligence of Angelo, in different aspects and

in combination, was a concurrent proximate cause of plaintiffs' injuries. Angelo should have reasonably anticipated that, while rushing forward at such an excessive speed under the existing circumstances, he would not have been able to avoid such an accident. He was familiar with the approaching curve, right-hand for oncoming traffic and with the physical tendency for such of bearing left, and it was wet and slippery. Merely by virtue of the excess of his speed over the limit, he traveled 45 feet closer to the point of impact as each second ticked off. Upon sight of the Shannon car, he could have reasonably anticipated that the accident would happen unless he took steps to obviate it. He had the options of attempting to stop or of slowing down and of turning to the right or turning to the left, but he exercised none. It was reasonable for the jury to conclude that the accident would not have happened without the co-operation of Angelo's negligence (*Sweet* v. *Perkins,* 196 N. Y. 482, 485). Negligence of such a gross character should not be immunized from liability, merely because the prepetrator was on the right of the thoroughfare. Nor is a conclusion valid here that the accident would have happened regardless of what Angelo did or failed to do. In *McIntyre* v. *Fisher* (263 App. Div. 1048, affd. 289 N. Y. 689), plaintiff was a passenger in Fisher's car which collided with one proceeding in the opposite direction on Fisher's side of the highway and which plaintiff suddenly saw coming toward them. The case was submitted upon the question of whether Fisher's speed was excessive and contributed to the accident and it was held the verdict for plaintiff should not have been disturbed. In *Hartstein* v. *United States Trucking Corp.* (260 App. Div. 643, mot. for rearg. den. 260 App. Div. 1006), arising out of an accident on a six lane roadway, it was held that the jury could have concluded that the chauffeur of a northbound truck could have avoided the accident by turning to the extreme right of the north-bound roadway and that his failure so to do was a concurring act of negligence which resulted in the death of plaintiff's decedent. The pertinent rule was stated to be (p. 645): "'The mere fact that the driver of an automobile is on the right side of the road does not necessarily determine the presence or absence of negligence on his part.  *  *  *  The speed of the automobile and other surrounding circumstances are all to be considered on the question of his negligence. Thus, though one has turned to his side of the highway when meeting another vehicle, an issue may remain for the jury as to whether reasonable care does not require that he should have turned out farther and thus have avoided the collision.'" At the conclusion of the charge, appellant's attorney stated he had no exceptions. His sole request, concerning proximate cause, was granted — to his stated satisfaction. No error in the charge, fundamental or otherwise, has been claimed by appellant (cf. *Belles* v. *Walter,* 32 A D 2d 866; see 8 Carmody-Wait 2d, New York Practice, § 57:16). The judgments should be affirmed.