## Case No. 17,182.

### WARNER v. FOWLER.

[4 Blatchf. 311;[1] 3 Wkly. Law Gaz. 246.]

Circuit Court, S. D. New York.     March 17, 1859.

REMOVAL OF CAUSES—ACTION AGAINST POSTMASTER—REVENUE AND POST-OFFICE LAWS.

1. The post-office laws of the United States are "revenue laws," within the meaning of section 3 of the act of congress of March 2, 1833 (4 Stat. 633), providing for the removal into a circuit court of the United States, from a state court, of a suit brought against a person for an act done under the revenue laws of the United States, or under color thereof.

[Distinguished in U. S. v. Norton, 91 U. S. 569. Approved in U. S. v. James, Case No. 15,464; Eaton v. Calhoun, 15 Fed. 157.]

2. An action brought in a state court against a postmaster, for an alleged wrongful refusal to deliver a letter to the plaintiff, is removable into the circuit court of the United States, under that act.

This was an action originally brought against the postmaster of the United States for the city of New York, in the supreme court of the state of New York, for an alleged wrongful refusal to deliver certain letters to the plaintiff [James W. Warner]. The defendant [Isaac V. Fowler] set up that, in so refusing, he was acting under color of the laws of the United States in relation to the post-office department, and took the proper steps, under section 3 of the act of congress of March 2, 1833 (4 Stat. 633), to remove the cause into this court, claiming that the act for which he was sued was done by him under the revenue laws of the United States, and under color thereof, and in pursuance of a right given to him by those laws. It is provided by said 3d section, that when a suit or prosecution shall be commenced in a court of any state, against any officer of the United States or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority, or title set up or claimed by such officer or other person, under any such law of the United States, it shall be lawful for the defendant, at any time before trial, upon a petition to the circuit court of the United States in and for the district in which the defendant shall have been served with process, setting forth the nature of the suit, and verifying the petition by affidavit, together with a certificate, signed by an attorney or counsellor at law of some court of record of the state in which the suit shall have been commenced, or of the United States, setting forth that, as counsel for the petitioner, he has examined the proceedings against him, and has carefully inquired into the matters set forth in the petition, and that he believes the same to be true, and, upon presenting the same to the said circuit court, if in session, and, if not, to the clerk thereof, at his office, the said cause shall thereupon be entered on the docket of said circuit court, and be thereafter pro-

ceeded in as a cause originally commenced in that court. And it is made the duty of the clerk of such circuit court, if the suit was commenced in the state court by summons, to issue a writ of certiorari to the state court, requiring such court to send to the circuit court the record and proceedings in the cause, and, if it was commenced by capias, the clerk is directed to issue a habeas corpus cum causa, a duplicate of which shall be delivered to the clerk of the state court, or left at his office by the marshal, or by some person duly authorized; and, thereupon it is made the duty of the state court to stay all further proceedings in such cause, and the said suit, upon delivery of such process to the clerk of the state court, or leaving the same at his office, shall be deemed and taken to be removed to the circuit court, and further proceedings in the state court shall be wholly null and void. The plaintiff now moved to have the cause remanded to the state court, and to have all the proceedings for its removal into this court vacated, on the ground that the post-office laws of the United States were not revenue laws of the United States, within the meaning of those terms, as used in said 3d section.

Welcome R. Beebe, for plaintiff.

Theodore Sedgwick, Dist. Atty., for defendant.

INGERSOLL, District Judge. The revenue of the state is the produce of taxes, excise, customs, and duties, which it collects and receives into the treasury for public use. It is the income which it receives to enable it to perform its proper functions. And laws relating to the revenue, or revenue laws, are such laws as are enacted in reference to such income, such as give rules as to the mode of its collection, and as to the manner in which the officials employed in such collections shall conduct. All taxes which are imposed by the state, whether such taxes be direct or indirect, are, when collected, the revenue of the state. They are its income. As they are the revenue of the state, all laws regulating such taxes and giving such rules for their collection are taxes relating to the revenue. The duty paid for the carriage of letters by the agency of government is at times a most important branch of the public revenue, and the laws relating to the same are of the greatest importance to the revenue. From this duty the government, in time of war, or at any time when, from any cause, the income from customs is materially impaired and cannot be increased, derives an essential part of its revenue. Duties or taxes collected under the tariff laws of the United States, upon the importation of foreign goods into the country, are the revenue of the state; and the laws regulating the collection of such duties or taxes, and prescribing rules to officials employed in such collection, are laws relating to the revenue. This is conceded. But such duties or taxes are no more the revenue of the state than are the duties or taxes collected under the post-office laws of the United States, for the carriage of

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

letters in the public mails, the revenue of the state. And the laws regulating the collection of duties or taxes upon the importation of foreign goods into the country, and prescribing rules for the government of officials in the collection of such duties or taxes, are no more laws relating to the revenue than are the laws which regulate the mode of collecting duties or taxes for the carriage of letters in the public mails, or which prescribe rules for the conduct of officials in the collection of such duties or taxes for such carriage.

One of the earliest post-office acts, that of February 20th, 1792, in the 28th section (1 Stat. 239), speaks of the "surplus revenue of the general post-office." The act of May 8, 1794, section 2 (1 Stat. 357), speaks of the income from the post-office establishment as "the revenue thence arising." The act of March 3, 1825, section 1 (4 Stat. 102), directs the payment of the expenses of the post-office department in "the collection of the revenue" of the office, from such revenue. The act of July 2, 1836, section 1 (5 Stat. 80), directs that the revenues arising in the post-office department shall be paid into the treasury of the United States.

The act of congress of the 31st of May, 1844 (5 Stat. 658), provides that final judgments in any circuit court of the United States, in any civil action brought by the United States for the enforcement of the revenue laws of the United States, may be re-examined, and reversed or affirmed, in the supreme court of the United States, upon writ of error, without regard to the sum in controversy. In the case of U. S. v. Bromley, 12 How. [53 U. S.] 88, which was an action of debt founded upon the 10th section of the post-office law of March 3, 1845 (5 Stat. 736), it was held that such post-office law was a revenue law of the United States. An act done under it would, then, be an act done "under the revenue laws of the United States, or under color thereof."

With this view of the case, it must be held that it was properly removed from the supreme court of the state into this court, and that the motion to remand it must be denied.