OSWALD SHIRLEY, an Infant, by MABEL SHIRLEY, His Guardian ad Litem, Respondent, *v.* LARKIN COMPANY, Appellant.

**Motor vehicles — General Highway Traffic Law construed and applied — negligence — collision of two automobiles at intersection of two streets — when plaintiff guilty of contributory negligence in failing to give right of way to vehicle approaching from the right.**

1. The General Highway Traffic Law (Cons. Laws, ch. 70, § 12, subd. 4) provides that "every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." The statute is to be so construed that if it appears that the relative position of the cars, approaching a street intersection, taking into account distances from the point of intersection and speed, is such that danger of a collision may reasonably be apprehended if the car on the left proceeds, it is the duty of its driver to slow up or stop and give to the car on the right the precedence which is guaranteed to it by the statute.

2. Plaintiff was driving a car easterly upon a street running east and west and as he approached an intersecting north and south-bound street and about thirty feet therefrom he saw a truck running northerly upon the intersecting street about the same distance and at about the same speed from the intersection as himself. He did not look at the truck again, and proceeded to cross the intersecting street and was struck by the truck. Under the circumstances plaintiff cannot recover for the damage to his car. The evidence shows that plaintiff proceeded to cross the intersecting street in wanton disobedience of the statute and recklessly went on when it was his duty to wait for the other car, and thereby precipitated the accident which he seeks to charge to the defendant.

*Shirley* v. *Larkin Co.,* 208 App. Div. 833, reversed.

(Argued October 20, 1924; decided November 25, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 10, 1924, affirming a judgment in favor of plaintiff entered upon a verdict.

*Frank G. Raichle* and *Robert H. Mahaney* for appellant. The plaintiff was guilty of contributory negligence as a matter of law. (*Ward* v. *Clark*, 232 N. Y. 195.)

*Frank J. Fitzpatrick* for respondent. The plaintiff was not guilty of contributory negligence. (*Mark* v. *Fritsch*, 195 N. Y. 282.)

Hiscock, Ch. J. This is an action to recover damages claimed to have been caused by a collision between two automobiles at a street intersection, and the appeal will be decided by the interpretation and application of that provision of the General Highway Traffic Law (Cons. Laws, ch. 70, section 12, subd. 4), which enacts as follows: "Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right; provided, that wherever traffic officers are stationed they shall have full power to regulate traffic."

Plaintiff is the only witness on his side who gives an account of the collision and his testimony which is not always entirely intelligible varies from time to time. Taking it as an entirety, however, it seems to come to this. He was driving in a Ford sedan easterly on a street running east and west. The defendant's truck was running northerly on a north and south-bound street which intersected the first one mentioned. Plaintiff says that he was driving on the southerly side of the street at a speed of twelve or fifteen miles an hour and that as he approached the westerly line of the north and south-bound street he slowed down to about eight miles an hour and thence continued to the point of collision which, apparently, was near the southeast corner of the area of intersection of the streets. He saw the defendant's truck when it was thirty or forty feet southerly from the south line of the street on which he was traveling. The width of the street which he was crossing was a little more than thirty feet and the distance from where he first saw

defendant's truck to the point of collision was practically the same as the distance of the truck from said point of collision. He did not look at the truck again after he first saw it although he was proceeding to cross the street upon which it was traveling and although, as he testified, the truck was traveling "fast." In view of the fact that the distance traveled by each to the point of collision was about the same this evidence that the truck was traveling fast is probably inaccurate and in fact it is more in plaintiff's favor to accept the evidence of a disinterested witness for the defendant that it was traveling at the rate of about ten miles an hour. This rate would be about the same as that at which plaintiff says that he was traveling and would bring the cars together as they did come together. It is also said by this disinterested witness that the collision was caused by plaintiff trying to run around the front of defendant's truck and not having time to do it. But of course this evidence must yield so far as necessary to plaintiff's version.

Therefore, taking plaintiff's evidence, we have a person approaching a street intersection and seeing a car approaching on the other intersecting street at a point and at a speed which threaten a collision and then, without again looking at the car which has the right of way, proceeding in his course until the collision occurs.

We think, as matter of law, that this shows a reckless disobedience by the injured person of the statute providing for the management of cars at a street intersection which defeats any recovery by him. Of course this statute is to receive a reasonable application and it would not be the duty of an automobilist approaching an intersection to stay his passage because somewhere in the distance on his right he saw another car approaching the same intersection.

Neither, on the other hand is the statute to be interpreted as meaning that the driver of a car limited by subordinate rights may go forward to the point of inter-

section because a hasty and unreliable computation seems to indicate that he is a few feet nearer the point of intersection than the car on his right and that, therefore, he possibly may be able to dash across the line of the latter and escape a collision. The rule of construction must be guided by reason and common sense and if it appears that the relative positions of the two cars, taking into account distances from the point of intersection and speed, is such that danger of a collision may reasonably be apprehended if the car on the left proceeds, it is the duty of its driver to slow up or stop and give to the car on the right the precedence which is guaranteed to it by the statute. (*Ward* v. *Clark*, 232 N. Y. 195.)

The plaintiff in this case did not follow such interpretation of the statute. Notwithstanding the fact that he saw the approach of defendant's truck under circumstances which plainly indicated that if both continued on their way as they were then going a collision would probably occur, he did so continue without again looking at the car which had the right of way and he came into the collision which he had every reason to expect he would come to unless the car which had the right of way suspended its course and gave to him a priority of passage to which he was not entitled. It is impossible to read the plaintiff's evidence without being convinced that in wanton disobedience of the statute passed to insure greater safety of automobile traffic, he recklessly went on when it was his duty to wait for the other car and that he precipitated the accident which he is now seeking to charge to the defendant.

While, as has been said, this statutory rule is to be construed sensibly, it certainly does require a reasonable observance by the car approaching an intersection and having the subordinate right of passage. It would be our duty under any circumstances to enforce such reasonable observance of this rule which the Legislature has

7

adopted for the safety of travelers and certainly that duty is not rendered any the less commanding when we consider the number of accidents now being caused by the heedless management of automobiles and when intoxication and recklessness of drivers seem to vie with each other in producing a daily grist of injuries and tragedies. This plaintiff invited his own disaster and he is entitled to no relief from the courts.

The judgments appealed from should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.