JOHN E. SALM, Respondent, *v.* JOSEPH BLEAU, Doing Business under the Name of JOSEPH BLEAU & SON, Appellant.

*Negligence — highways — right of way — when permissible for jury to exonerate driver from imputation of negligence arising from non-compliance with General Highway Traffic Law.*

In an action for damages caused by a collision at a highway intersection it is permissible for the jury to find that owing to obstructions to the view and the negligence of defendant, plaintiff was exonerated from the imputation of negligence arising from non-compliance with the provision of the General Highway Traffic Law requiring a driver to grant the right of way to a vehicle approaching from his right. (*Shirley* v. *Larkin Co.*, 239 N. Y. 94, distinguished.)

*Salm* v. *Bleau*, 210 App. Div. 554, affirmed.

(Argued April 3, 1925; decided May 5, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department,

entered November 25, 1924, affirming a judgment in favor of plaintiff entered upon a verdict.

*P. C. Dugan* for appellant.

*Edward J. Halter* for respondent.

*Per Curiam.* In this case we have concluded to affirm the judgment in favor of plaintiff although such judgment is for damages caused by a collision at a highway intersection of plaintiff's car with one which was approaching from his right and which, under ordinary circumstances, would have had the right of way. We think that it was permissible for the jury to find as it did that owing to obstructions to the view and the negligence of defendant, plaintiff was exonerated from the imputation of negligence because of non-compliance with that provision of the General Highway Traffic Law (Cons. Laws, ch. 70, section 12, subd. 4), which says: " Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right; provided, that wherever traffic officers are stationed they shall have full power to regulate traffic." We desire to make it plain, however, that this conclusion is based on the particular facts of this case and that we do not at all abandon or recede from the rule laid down by this court in *Shirley* v. *Larkin Co.* (239 N. Y. 94, 97). We said there, where it appeared that the offending party could perfectly well see the car approaching on his right, " if it appears that the relative positions of the two cars, taking into account distances from the point of intersection and speed, is such that danger of a collision may reasonably be apprehended if the car on the left proceeds, it is the duty of its driver to slow up or stop and give to the car on the right the precedence which is guaranteed to it by the statute."

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.. concur.

Judgment affirmed, with costs.