## WEST v. PRUDENTIAL INS. CO. OF AMERICA et al.

District Court, W. D. Missouri, W. D. July 31, 1929.

No. 7385.

Prince, Harris & Beery, of Kansas City, Mo., and Davis & Davis, of Chillicothe, Mo., for plaintiff.

C. A. Randolph, of Kansas City, Mo., for defendant Shumway.

Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., and Kitt & Marshall, of Chillicothe, Mo., for defendant Prudential Ins. Co. of America.

REEVES, District Judge. The above action was removed from a state court upon a warrant or writ of certiorari under section 76, title 28, United States Code (28 USCA § 76). This section provides that:

"When any civil suit ° ° * is commenced in any court of a state against any officer * ° ° acting by authority of any revenue law of the United States, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, ° * ° the said suit ° ° * may at any time before the trial or final hearing thereof be removed for trial into the district court," etc.

Defendant W. H. Shumway filed his petition for said writ of certiorari upon the ground that the suit against him was on account of acts done by him while acting by authority of the post office inspectors at Kansas City. Both the petition and affidavits filed in support thereof show that he was regularly assigned by the police department of Kansas City, Mo., to aid the postal officials with respect to the use of the mails. It further appeared from the affidavits that it was while engaged in the performance of these duties on behalf of the postal authorities that he did . certain acts which formed the basis of plaintiff's action.

In his motion to remand plaintiff asserts that the statements contained in the petition for writ of certiorari are mere 'conclusions, and not allegations of fact. Many of said allegations are statements of conclusions, but others contain a sufficient statement of facts which, when considered in connection with the affidavits filed, show that the said Shumway was in fact acting for and on behalf of the Post Office Department at the time the acts were done which formed the basis of the complaint.

The only question for determination is whether the said defendant Shumway was "acting by authority of any revenue law of the United States." Revenue laws are comprehensive, and according to the authorities include all revenues, from whatever sources the government may derive funds to carry on its manifold activities. In a number of very old cases, post office laws were considered as revenue laws within the purview of this section. Warner v. Fowler, 29 Fed. Cas. 255, No. 17,182. This was a case where an action was instituted against a postmaster for an alleged wrongful refusal to deliver a letter. The federal court took jurisdiction under this section.

In the case of Ward v. Congress Construction Co., 99 F. 598, the Circuit Court of Appeals, Seventh Circuit, sustained the District Court in taking jurisdiction of the case. The construction company was under contract to build an addition to a post office. The contract was made with the Secretary of the Treasury in accordance with an appropriation that had been previously made. The court held that the defendant was acting under the authority of a revenue officer of the United States.

Unquestionably the inspectors for the post office were revenue officers, within the purview of said section. Any other interpretation would leave these officers exposed to litigation through state tribunals on account of their official acts. While it is true that all officials of the national government are not within the protection of this statute, yet the postal establishment is one of the largest revenue-producing agents of the government. Large revenues are derived through it, and its officers and agents act under revenue laws.

The motion to remand will be denied.