ALIS WEBBER, Appellant, *v.* RICHARD GRAVES, Respondent.
FRANK P. GRAVES, Respondent, *v.* ALIS WEBBER, Appellant.
HELEN W. GRAVES, Respondent, *v.* ALIS WEBBER, Appellant.

Fourth Department, March 9, 1932.

*Arthur VD. Chamberlain,* for the appellant.

*Joseph R. Webster,* for the respondents.

TAYLOR, J. Long Pond road, running approximately north and south, intersects the Million Dollar highway which runs east and west. On June 18, 1929, the latter highway was paved twenty feet wide with concrete, and the Long Pond road was topped with macadam and dirt, a rough roadway sixteen feet wide, and broadening as it entered the Million Dollar highway. About nine-thirty A. M. on June 18, 1929, both roads being dry, Richard Graves, nineteen years old, and entirely unfamiliar with the road and the surroundings, was driving a Franklin sedan owned by his father, Frank P. Graves, westerly on the Million Dollar highway. At the intersection of the two roads his car collided with a truck being driven southerly by Alis Webber on the Long Pond road. There were trees and bushes near the northerly corner of the lands adjoining the two roads and a hedge four feet high and one hundred feet long running along the north side of the Million Dollar highway inside the adjoining premises and starting near the corner. These growths obstructed the view of both drivers as is shown by the photographs in evidence and by other testimony. The vehicles collided near the southwest corner of the intersection, seriously injuring Richard Graves' mother, Helen W. Graves, who was a passenger with him, and damaging the sedan. Three actions were brought, one by Webber against Richard Graves for property damage, one by Frank P. Graves against Webber for damages resulting from the personal injuries of his wife, Mrs. Graves, and one by Mrs. Graves against Webber for damages for her personal injuries. These will be called actions Nos. 1, 2 and 3. Under a stipulation all three were tried together. In action No 1 the verdict was no cause of action, in No. 2, $8,201.10 for plaintiff, and in No. 3, $11,500 for plaintiff. All three cases are here on appeal.

The " right-of-way " rule, giving preference to a vehicle coming from the right (Vehicle and Traffic Law, § 82, subd. 4, formerly General Highway Traffic Law, § 12, subd. 4) has been in force since 1917. It has been construed so thoroughly as to make the extent of its applicability clear under almost all circumstances in *Ward* v. *Clark* (232 N. Y. 195), *Shuman* v. *Hall* (246 id. 51) and *Shirley* v. *Larkin Co.* (239 id. 94). In substance, the enunciated rule is that if the driver of an automobile proceeding relatively from the left discovers, or in the exercise of reasonable caution should discover, that another car is coming from his right on an intersecting road at such a speed and so near at hand that a collision is imminent if both vehicles continue their original courses

and speeds, the person occupying the subordinate position must yield by slowing up or stopping or applying his brakes or turning. And, too, the driver occupying the dominant position must also use all reasonable care. He cannot be reckless of consequences. It is, as has been said, a rule of reason, of mutual forbearance.

Giving the respondents the benefit — to which they are entitled — of all fair inferences to be drawn from the testimony, the following findings of fact were reasonable: That one-fourth of a mile from the intersection Richard Graves was running at thirty-five miles per hour; that when his car was within twenty feet of the westerly end of the hedge he first saw Webber's truck coming fast from his right about twenty feet north of the hedge line; that Richard immediately applied his four-wheel brakes (which were in good condition) with all the strength he had and swerved as sharply as he could to his left; that the truck kept right straight ahead, ran against the right front side of the sedan after the sedan had stopped with its front wheels just off the southern edge of the concrete highway; that the truck then ran on into the field to the southwest of the intersection; that neither driver blew his horn; that when Webber, running " fast " and familiar with the road, reached a point five to six feet from the edge of the shoulder (six to ten feet wide) of the Million Dollar highway, confessedly with nothing to obstruct his view, he looked to the east (his left) and — as he says — saw no automobile; that when his front wheels had reached the center of the concrete pavement on the Million Dollar highway he saw the Graves car coming " fast," thirty to fifty feet away; that Webber heard squeaking brakes but kept right straight ahead, " went right across," as Webber testifies himself, " and didn't make any effort to stop his car or do anything else." It was reasonable to conclude from all this that Richard Graves' failure to see the Webber truck before he did on account of the trees, bushes and hedge, was not necessarily indicative of negligence; that if Webber was driving his truck at not more than ten miles per hour, as he testified, and looked to his left when six feet from the edge of the shoulder of the intersecting road, he must have seen the sedan coming and was negligent in going straight on and not even trying in any manner to avoid a collision; that if Webber had put on his brakes or turned to his right when six feet from the shoulder, or even at any time shortly thereafter, a collision might well have been avoided, considering the great effort made by Richard Graves to avoid an accident; for the sedan had been turned sharply to the left and stopped partly off the southerly edge of the concrete before the truck struck it and then ran on into the field.

The inference we draw from this is that whether or not Richard

Graves was driving generally with reasonable care, whether he should have discovered the approaching Webber truck sooner, whether, upon such discovery, he failed to exercise all reasonable caution and effort, whether or not Webber was reasonably careful in the same respects, and in conclusion, whether or not both Richard Graves and Webber were guilty of negligence proximately causative of the collision, or whether one alone should be held liable, were jury questions.

We, therefore, conclude that in action No. 1 the verdict of no cause of action had fair basis in a finding of negligence in plaintiff Webber contributing to the collision, and that the right-of-way rule did not conclude defendant Richard Graves. In action No. 2 (that of the father) the plaintiff could not be held contributorily negligent through any negligence in his son Richard, even if such negligence had been found. (*Gochee* v. *Wagner*, 257 N. Y. 344.) In action No. 3 the learned trial court charged as matter of law (and plaintiff took an exception) that Richard Graves and his mother were engaged in a common enterprise, and that any negligence in Richard was imputable to the mother. The testimony shows that Richard was driving the sedan on his own vacation trip to see his sister, with the " consent and permission " of his father, and that the mother took the trip with him at his suggestion and on his invitation. While driver and passenger were proceeding with a common purpose, the mother did not share with her son the right to control or manage the car or the details of the journey. Some of the essentials of a common enterprise were lacking. Any negligence in the driver was, therefore, immaterial in action No. 3. (*Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 11; *Noakes* v. *N. Y. C. & H. R. R. R. Co.*, 121 App. Div. 716; affd., 195 N. Y. 543; *Hennessy* v. *Brooklyn City R. R. Co.*. 73 Hun, 569; affd., 147 N. Y. 721.)

The jury did not find that plaintiff Helen W. Graves was personally negligent. And since we are of the opinion that the verdict in this action was neither contrary to nor against the weight of the evidence as to the care exercised by the plaintiff personally, we decline to disturb this verdict. (*Salm* v. *Bleau*, 210 App. Div. 554; affd., 240 N. Y. 614; *Hancock* v. *Steber*, 208 App. Div. 455; *Edick* v. *Davenport*, 218 id. 198.)

The judgment and order in each action should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

In each action: Judgment and order affirmed, with costs.