GERARD GOSSELIN, Plaintiff, *v.* GILBERT T. HARRELL, Defendant.

WILLIAM SIEGEL, Plaintiff, *v.* GILBERT HARRELL et al., Defendants.

ASSURANCE COMPANY OF NORTH AMERICA, Plaintiff, *v.* GILBERT HARRELL et al., Defendants.

City Court of the City of Schenectady, February 16, 1949.

*Morris M. Cohn* and *Franklyn A. Dobbs* for Gerard Gosselin, plaintiff.

*Borst & Smith* for Gilbert T. Harrell, defendant.

*Poersch & Sevits* for William Siegel and another, plaintiffs.

*Franklyn A. Dobbs* for Gerard Gosselin, defendant.

BATES, J. The case of *Gosselin* v. *Harrell* and the case of *Siegel* v. *Harrell and Gosselin* arose out of the same accident and were tried at the same time. Both are laid in negligence. In the former, Harrell counterclaims against Gosselin. The case of *Assurance Co. of North America* v. *Harrell and Gosselin* was submitted to the court by stipulation to be tried at the same time with said two cases. The North American acquired its cause of action against Harrell and Gosselin by being subrogated to Siegel's rights to the extent of $346 paid by it to Siegel under a collision policy for his damages sustained in said accident.

The accident, which involved three cars, occurred in the city of Schenectady, New York, on July 3, 1948, at about 3:00 P.M. on Chrisler Avenue where it is intersected on the south by Ostrander Place and on the north by Norwood Avenue. Chrisler Avenue runs approximately east and west and Ostrander Place and Norwood Avenue run approximately north and south. The Pontiac car owned by Gosselin was proceeding northerly on Ostrander Place toward the intersection. The Chevrolet car owned by Gilbert T. Harrell was proceeding westerly on Chrisler Avenue toward the intersection. They collided in the intersection, the Gosselin car, before coming to rest, colliding with the Plymouth car owned by Siegel, which was parked unattended facing south on Norwood Avenue by the west curb thereof, near the intersection of Chrisler Avenue.

The Pontiac car was being legally operated by Charbonneau with owner Gosselin's permission on Charbonneau's own business, and not on the business of the owner, who was not in his car at the time of the accident. The Chevrolet car was being legally operated by Helen Harrell with owner Gilbert T. Harrell's permission on her own business, and not in the business of the owner, her husband, who was not in his car at the time of the accident.

Northbound traffic on Ostrander Place entering Chrisler Avenue is controlled by a stop sign. Eastbound and westbound

traffic on Chrisler Avenue is not controlled by stop signs at Norwood Avenue nor at Ostrander Place. Operator Charbonneau stated that he proceeded into the intersection from said stop sign at eight miles per hour and when nearly in the middle thereof, looked to his right and saw the Harrell car coming from his right, that he then stepped on the gas, that the Harrell car hit him broadside, and that after the impact the car which he was driving proceeded across the intersection, tipped over and hit the Siegel car. Operator Helen Harrell stated that she was proceeding westerly on Chrisler Avenue toward its intersection with Ostrander Place and Norwood Avenue, at about twenty to twenty-five miles an hour, that as she entered the intersection she got a " glimpse " of a blue car coming toward her from her left, that it was two feet from her when she first saw it, that she collided with the right side of that car just back of its front fender, and that after the impact her car went about one foot.

Operator Charbonneau in coming from said stop sign into the path of Chrisler Avenue traffic without assuring himself that it was reasonably safe for him to do so, was negligent. Operator Helen Harrell in not observing the Gosselin car until it was two feet from her, was negligent. The Siegel car was parked where Siegel had a right to park it and he was in no way negligent.

The negligence of both Charbonneau and Helen Harrell was the proximate cause of the collision between the Gosselin car and the Harrell car and the proximate cause of the Gosselin car colliding with the parked Siegel car. (*Zimmerman* v. *Brooklyn Bus Corp.,* 267 N. Y. 604.)

Owner Harrell is answerable to Gosselin for damages by imputation of Helen Harrell's negligence to him under section 59 of the Vehicle and Traffic Law. Gosselin is answerable to owner Harrell for damages by imputation of Charbonneau's negligence to him under said section. Said section does not preclude either Gosselin or owner Harrell from recovering each from the other his own damages since both are absentee owners. The negligence of a driver of an absentee owner is not imputed to the owner in an action by the owner for damages to his car caused by the negligent operation of another vehicle. (*Webber* v. *Graves,* 234 App. Div. 579; *Nannes* v. *Ideal Garage, Inc.,* 150 Misc. 522; *Hirschberg* v. *Meadow Brook Farms, Inc.,* 178 Misc. 531; *Cote* v. *Autocar Sales & Service Co.,* 191 Misc. 988; *Mills* v. *Gabriel,* 259 App. Div. 60, affd. 284 N. Y. 755.)

In the case of *Cote* v. *Autocar Sales & Service Co.* (*supra*) the court stated in its opinion at pages 991–992:

" After the enactment of section 59 of the Vehicle and Traffic Law, modifying the common-law rules dealing with the liability of an owner of a motor vehicle, so as to attribute to him the negligence of any operator thereof, with the owner's permission, express or implied, the question arose as the right of such an owner to recover for damages to his vehicle from the owner of another vehicle with which it came into collision, and which was being used by another, with his permission, if the operators of both vehicles were negligent. In that situation, recovery was sought to be precluded on the ground that since the negligence of the operator of the car whose owner sought to recover, was imputable to such owner, he could not recover on the classic ground of contributory negligence.

" That contention was overruled by the courts, which sustained the apparently anomalous situation whereby the two absentee owners of automobiles driven by operators on their own business or pleasure, with the knowledge and consent of such owners, express or implied, can both recover against each other for the damages sustained by their respective motor vehicles, due to the negligence of both operators. This was the common-law rule also. (*Mills* v. *Gabriel*, 259 App. Div. 60, affd. 284 N. Y. 755.)"

In the case of *Mills* v. *Gabriel* (*supra*) the Court of Appeals unanimously affirmed the Appellate Division without opinion. The action was to recover for damage to plaintiff's motor vehicle while it was being operated by another with her permission but in her absence. The defendant was the owner and was the operator of the automobile with which the plaintiff's automobile collided. The trial court found that both operators were negligent, and that at the time of the accident the operator of plaintiff's automobile was using it for his own private purpose and not for the benefit and upon the business of the plaintiff. The Appellate Division in its opinion at page 62 in referring to section 59 of the Vehicle and Traffic Law states as follows: " The statute does not change the common-law rule respecting the owner's right to recover *from* third persons under the circumstances disclosed by this record. Nor may it be invoked for the purpose of imputing the operator's negligence to the owner. It is applicable for that purpose only in actions brought by third persons against the owner. (*Webber* v. *Graves*, 234 App. Div. 579; *Gochee* v. *Wagner, supra* [257 N. Y. 344].)

While we recognize there are a number of cases to the contrary, we do not approve them. It is suggested that if the statute does not apply, then the owner of each vehicle may recover against the other for property damage if both operators were bailees at the time of the accident, even though both were negligent. This was always the rule at common law. If the statute operates illogically or unjustly it is for the Legislature and not the courts to extend its scope.''

The attorneys for the parties upon the trial in the case at bar stipulated damages to the effect that if Gosselin is entitled to recover on his cause of action his damages may be awarded in the sum of $625, that if owner Harrell is entitled to recover on his counterclaim his damages may be awarded in the sum of $388.60, and that if Siegel and North American are entitled to recover on their causes of action their damages may be awarded in the sum of $431. Of that sum the testimony shows that North American paid Siegel $346 for his damages and that Siegel sustained the balance of $85. The attorney for Gosselin on his affirmative claim and the attorney for Gosselin on his defense to Harrell's counterclaim and the attorney for Harrell on his counterclaim have stipulated that if the court finds that Gosselin is entitled to recover the amount of his stipulated damages of $625, that judgment for that amount, with costs, may be granted in his favor against defendant Gilbert T. Harrell, and that if the court finds that Gilbert T. Harrell is entitled to recover the amount of his stipulated damages of $388.60 on his counterclaim against Gerard Gosselin, that judgment for that amount, with costs, may be granted in his favor against Gerard Gosselin.

In accordance with the above stipulation, the court awards a verdict to Gosselin of $625 against owner Harrell, and a verdict to owner Harrell of $388.60 on his counterclaim. The court awards a verdict to Siegel against Gosselin and owner Harrell of $85, and to North American against Gosselin and owner Harrell of $346.

In accordance with said stipulation, judgment is granted in favor of Gosselin against owner Harrell in the sum of $655.50, which includes costs of $30.50 (trial allowance of $25 included in costs).

In accordance with said stipulation, judgment is granted in favor of owner Harrell against Gosselin in the sum of $415.60, which includes costs of $27 (trial allowance of $25 included in costs).

Judgment is granted in favor of Siegel against Gosselin and Harrell in the sum of $116.50, which includes costs of $31.50 (trial allowance of $25 included in costs).

Judgment is granted in favor of North American against Gosselin and Harrell in the sum of $346, without costs.