Victoria S. HILLMAN, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, William F. Henderson, Postmaster General, Defendant.

No. 97–4041–SAC.

United States District Court, D. Kansas.

March 2, 2001.

Victoria S. Hillman, Osborne, KS, Pro se.

Nancy Landis Caplinger, Office of United States Attorney, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case comes before the court on various motions in limine. The court first addresses defendant's objections to plaintiff's designations of depositions for use at trial. (Dk.126). Use of depositions at trial is governed by Fed.R.Civ.P. 32.

■ Plaintiff has stated her intent to read her own deposition at trial. This is not permissible under the rules. Parties or witnesses who will be present at trial are generally not permitted to testify by way of deposition in lieu of live testimony. The government further asserts that it will call as witnesses at trial Virginia Niblack, Beverly Schuler, and Gerald Espinoza, whose depositions plaintiff intends to read. (See Dk. 124). Accordingly, based upon the government's representation, plaintiff will not be permitted to use the depositions of those witnesses in her case in chief. In the event the government does not in fact

call these witnesses, the plaintiff may read relevant portions of their depositions.

The government does not allege that it will call either Robert Jerby or Katherine Furnas as witnesses at trial. Nor does the government contest plaintiff's assertion that neither of these witnesses resides within 100 miles of the place of trial. Accordingly, use of these depositions is not prohibited by Fed.R.Civ.P. 32.

The government does assert that portions of Jerby's and Furnas's depositions are irrelevant, but has failed to specify any such portion. It is not the court's task, but the government's, to read each deposition to determine whether certain portions are inadmissible because they are irrelevant. Because no specific objection has been raised to the deposition of Jerby or Furnas, the plaintiff is not precluded from reading the depositions of Robert Jerby and Katherine Furnas.

The court next addresses plaintiff's motion in limine. (Dk.134). Plaintiff objects to 16 of the government's 20 proposed exhibits. The court sustains plaintiff's objection to Exhibits D9, D10, and D11, which relate to plaintiff's EEO charge, because they relate to EEO proceedings. This court routinely excludes EEO documents, in its discretion. Although such exhibits may not be admitted in the government's case in chief, they may be used for impeachment, if necessary, as dates included in these exhibits are crucial to plaintiff's retaliation claim.

The court additionally sustains plaintiff's objection to Exhibits 14, 15, and 16, which relate to the government's economic expert. Although the expert will be permitted to testify to the facts set forth in these documents, the court's routine practice is not to admit exhibits such as an expert's resume, report, and other documentation into evidence.

Plaintiff objects to Exhibits 19 and 20 because the government failed to provide them to the court on the date specified by the court. The parties' exhibits were due on a Friday, and the government provided these two exhibits the following Monday. Plaintiff is correct in her assertion, and the government has provided no explanation to date for its delay. Plaintiff has shown no prejudice from the short delay, however. Further, Exhibit 19 consists of "call in notices," which the parties previously specifically agreed would be admissible. See Dk. 117, p. 15 (stipulation of the parties to the authenticity and admissibility of the Postal Services' records concerning plaintiff's employment including, among other matters, "call in notices"). Under these circumstances, where the sole prejudice caused by the government's untimely submission of these two exhibits is to the court, and not to the plaintiff, plaintiff's motion regarding Exhibit 19 will be denied.

Exhibit 20 is a summary by someone of the call in notices. This exhibit does not appear to be included in the pretrial order. A pretrial order controls the later course of a trial unless modified. *See* Fed. R.Civ.P. 16(e).

The decision to allow or prohibit testimony of witnesses not described or listed in the pretrial order rests with the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. (Citations omitted.) The order entered following a final pretrial conference shall be modified only to prevent manifest injustice. Fed.R.Civ.P. Rule 16(e). *Moss v. Feldmeyer,* 979 F.2d 1454, 1458–59 (10th Cir.1992). Based upon the court's belief that this exhibit is not in the pretrial order, and the fact that exclusion of a summary of other exhibits will not work manifest injustice, the plaintiff's motion is sustained. In the event the govern-

ment can show the court that this exhibit is in fact included in some language in the pretrial order, and that sufficient foundation will be laid for its admission, the court will reconsider its decision.

The remainder of plaintiff's objections have been reviewed and carefully considered, and are denied.

The court next addresses the government's motion in limine. (Dk.129). The government has categorized numerous exhibits, and has stated reasons supported by case law for its objections thereto. Plaintiff has responded, relying in large part upon her belief that "there is an agreement with Assistant U.S. Attorney D. Brad Bailey for the defendants, that any records, documents, or evidence pertaining to the USPS are admissible as evidence." (Dk.131, p. 3–9).

The agreement plaintiff alludes to is apparently the stipulation included in the pretrial order. That stipulation states:

The authenticity and admissibility of the Postal Services' records concerning plaintiff's employment and applications for employment including, but not limited to, plaintiff's official personal (sic) file, call in notices, hiring work sheets, applications, job descriptions, evaluations, personnel actions, position grades, employment handbooks, and manuals.

(Dk.117, p. 15, j). This language does not support plaintiff's conclusion that the parties agreed that any records, documents, or evidence *pertaining to* the USPS would be admissible. Instead, as the plain language states, the parties agreed only that USPS's own records concerning plaintiff's employment and applications for employment would be admissible.

The court has reviewed the other grounds stated by the plaintiff for admission of the exhibits to which the government objects, and finds them insufficient. Plaintiff believes that because the parties

agreed that all documents pertaining to the USPS are admissible, her exhibits are exempted from the hearsay rule. As noted above, plaintiff's interpretation is incorrect. The documents noted below are not within the scope of the parties' stipulation, and are, for the most part, hearsay. For this and other reasons stated by the government in its memorandum in support of its motion in limine, plaintiff will not be permitted to introduce the following exhibits in her case in chief at trial:

**Newspaper Articles**—Exhibits 114, 150, 151, 152, 155, 156, 158, 159, 160, 168, 169, 170, 171, 172, 173, 175, 177, 178, 179, 180, 182, 183, 184, 185, 186, 187, 188, 189 and 191.

**Letters to or from Politicians**—Exhibits 29, 30, 32, 33, 34, 35, 36, 40, 41, 42, 43, 45, 59, 60, 61, 62, 66, 71, 73, 83, 161, 162, 163, 164 and 165.

**Plaintiff's Out of Court Statements**—Exhibits 24 p. 1, 27 p. 1, 38, 51, 81, 82 and 166.

**EEO Documents**—Exhibits 91, 97, 98, 99, 100, 101, 102, 103, 104, 111, 115, 120, 121, 129, 140 and 141.

**Hearsay Statements From or About Others**—Exhibits 49, 52, 63, 70, 86, 116 and 145.

**Transcript of Telephone Calls, With Comments**—Exhibit 18

**Other Miscellaneous Exhibits**—Exhibit 87, 89, 132, 96, 109, 112, 126, 144 and 153.

Accordingly, the court sustains the government's motion in limine.

IT IS THEREFORE ORDERED THAT defendant's objections to plaintiff's designations of depositions for use at trial (Dk.126) are sustained in part and denied in part in accordance with the terms of this order; that plaintiff's motion in limine (Dk.134) is granted in part and denied in

part in accordance with the terms of this order; and that the government's motion in limine (Dk.129) is granted in accordance with the terms of this order.