**YOUNG & ASSOCIATES PUBLIC RELATIONS, L.L.C.,**
Plaintiff,

v.

**DELTA AIR LINES, INC., Defendants.**

No. 2:99–CV–859 G.

United States District Court,
D. Utah,
Central Division.

Aug. 4, 2003.

Scott Blaser, Salt Lake City, UT, P. Richard Meyer, Melvin C. Orchard, III, Robert N. Williams, Erin E. Wiard, Meyer & Williams, Jackson, WY, for plaintiff.

David J. Jordan, Jill M. Pohlman, Stoel Rives LLP, Salt Lake City, UT, Alan W. Duncan, Robert R. Marcus, Smith, Helms, Mulliss & Moore, Greensboro, NC, for movants.

Blaine J. Benard, Greggory J. Savage, Matthew N. Evans, Christine T. Greenwood, Holme, Roberts & Owen LLP, Salt Lake City, UT, Hunter R. Hughes, Rogers & Hardin, Atlanta, GA, for defendants.

**ORDER on Use of Depositions at Trial in Lieu of Otherwise Available Live Testimony**

J. THOMAS GREENE, District Judge.

This matter is before the Court on Delta's Motion to Preclude Improper Use of Deposi-

tions at Trial. The motion has been fully briefed and it was taken under advisement following extensive oral argument. Having reviewed the submissions and arguments of counsel, and being fully advised, the court enters its Order.

### Position of the Parties

Delta filed its motion in response to Y & A's intended use of depositions at trial in the form of video excerpts as part of its case in chief. Delta is willing to produce the witnesses in question at the trial. Delta claims, however, that Y & A must interrogate such witnesses live if they are available at the time of trial, but agreed that the depositions can be used for cross examination and impeachment. Delta argues that the intended use of depositions by Y & A is not supported by any of the exceptions allowed under Rule 32 of the Federal Rules of Civil Procedure, and would only result in unnecessary confusion and duplication at trial.

Y & A urges that it should be allowed to use portions of four video depositions of witnesses in its case in chief in lieu of calling them for live testimony. Because of the status of these witnesses as important corporate employees, Y & A claims the right to use their depositions "for any purpose." In addition, Y & A argues that the presentation of brief segments of the depositions of these witnesses in video form in its case in chief would be an efficient and appropriate way of conducting its case. Y & A has agreed to call certain other witnesses for live testimony, and use video excerpts only for cross examination and impeachment. This agreement by Y & A is based upon assurances by Delta that it will produce those witnesses and make them available at trial.

This memorandum addresses intended use in Y & A's case in chief of video excerpts from the depositions of Joe Leach, David Paule, Laura Shutt, and Kenneth Klatt even though those witnesses will be available for live testimony at trial.

### Analysis

Federal Rules of Civil Procedure Rule 32 provides:

The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: ... upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and *with due regard to the importance of presenting the testimony of witnesses orally in open court,* to allow the deposition to be used. Fed.R.Civ.P. Rule 32(a)(3)(E) (emphasis added).

The Tenth Circuit has noted that deposition testimony is "normally inadmissible hearsay" but that Fed.R.Civ.P. Rule 32(a) creates an exception to the hearsay rules. *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 962–63 (10th Cir.1993).

The preference for live testimony at trial rather than deposition testimony as a substitute is uniformly stressed in case law. This was long ago asserted by Judge Learned Hand, who stated: "[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard,* 102 F.2d 467, 469 (2d Cir.1939). This is the constant theme of courts which have dealt with the issue of the use of depositions in lieu of live testimony. As typical of such cases, in *Hillman v. U.S. Postal Service,* 171 F.Supp.2d 1174, 1175 (D.Kan.2001), the court said: "Parties or witnesses who will be present at trial are generally not permitted to testify by way of deposition in lieu of live testimony." *See also U.S. v. IBM Corp.,* 90 F.R.D. 377, 382 (S.D.N.Y.1981) (citing Circuit Court decisions standing for the same proposition) (additional citations omitted).

The Tenth Circuit stressed in *Angelo* that the proponent has the burden of proving the deposition testimony admissible under either Fed.R.Civ.P. Rule 32 or Federal Rules of Evidence Rules 803 and 804. 11 F.3d at 963 *citing Allgeier v. United States,* 909 F.2d 869, 876 (6th Cir.1990). *See also United States v. Eufracio–Torres,* 890 F.2d 266, 269 (10th Cir.1989) (the proponent of evidence under Rule 804 bears the burden of demonstrating the unavailability of the declarant).

In the case at bar, plaintiff asserts that under Fed.R.Civ.P. Rule 32(a) deposition excerpts in lieu of live testimony may be pre-

sented in its case in chief if the deponents were managing agents of the other party, or if the deponent is more than 100 miles from the place of trial. These exceptions are next considered.

## A. Managing Agent Exception.

Federal Rules of Civil Procedure Rule 32(a)(2) provides:

> The deposition of a party or of anyone *who at the time of taking the deposition* was an officer, director, or *managing agent,* or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party *for any purpose.* (emphasis added).

The Tenth Circuit has noted the following factors in determining whether an individual is a "managing agent" under Rule 32(a)(2): (1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than deponent were in charge of the particular matter or possessed all of the necessary information sought in the deposition. *Stearns v. Paccar, Inc.,* 986 F.2d 1429 (10th Cir.1993) (unpublished opinion) *citing Crimm v. Missouri P.R. Co.,* 750 F.2d 703, 708–09 (8th Cir.1984). Other courts have used similar factors in determining whether an employee is a "managing agent" under Rule 32(a)(2). Thus in *Reed Paper Company v. Procter & Gamble Distributing Co.,* 144 F.R.D. 2, 4 (D.Me. 1992), these factors were set forth: (1) whether the employee is a person invested by the corporation with general powers to exercise his or her judgment and discretion in dealing with corporate matters; (2) whether the employee is a person who could be depended upon to carry out his or her employer's direction to give testimony at the demand of a party engaged in litigation with the employer; (3) whether the employee is a person who can be expected to identify himself with the interests of the corporation rather than with those of the other party.

Under the authorities cited, whether witnesses fall within the category of "managing agent" under Rule 32(a)(2) requires a determination of what the employee actually did, rather than what title or position she held. All of the factors listed above are pertinent in making the determination, but under the evidence presented in this case the following consideration is of particular importance: whether the employee's authority included exercising his or her personal discretion in making decisions without obtaining additional authorization from superiors in dealing with corporate matters.

In the case at bar, Y & A argues that all of the following named individuals had managerial responsibilities and authority relative to the Y & A project, and that Joe Leach, David Paule, Laura Shutt, Kenneth Klatt were intimately linked in negotiating and drafting the Y & A project for Delta. In this regard Y & A submits that Leach, Paule, Shutt, and Klatt were Delta employees who at the time of their depositions had titles similar to titles used by officers, directors or managing agents who possess unquestioned authority. Leach was the manager of on-board programs at the time of his deposition, and held a similar position at all times during the project; Paule was the general manager of in-flight catering, planning, and analysis since 1999 and at the time of his deposition; Shutt was systems manager in 1997 and at the time of her deposition; and Klatt was Delta's senior attorney in charge of corporate legal matters during the Y & A project and at the time of his deposition.

Delta argues that Leach, Paule, Shutt, and Klatt do not fall under the ambit of Rule 32(a)(2). In this regard, Delta submits that at times pertinent herein Laura Shutt was merely a corporate employee in Delta's marketing department, and that she was a low level employee who was supervised by at least 5 different individuals, including Leach (Shutt Depo. 22, 31, 215, 262–62.); David Paule was also a lower level administrative employee who only made recommendations to his supervisors, and was not authorized to make decisions on behalf of Delta (Paule Depo. 53–54.); Joe Leach was merely a corporate employee in the marketing depart-

ment, a lower level administrative employee with four levels of supervisors over him. (Leach Depo. 57–58, 72–76.) Klatt was an in-house attorney who worked on the project and communicated with higher corporate officers.

The evidence before the Court makes clear that all of the named individuals were required to seek higher approval for decisions of substance in regard to general operations of the corporation. In this regard, Laura Shutt needed approval after reporting directly to Rutledge and he to Judy Jordan, as well as Joe Leach and Galye Bock. (Shutt Depo 22:14, 31:7–9.) Joe Leach, while in the chain of command, reported directly and needed approval from Judy Jordan, and indirectly from Gayle Bock. (Leach Depo 58:1–7.) David Paule did not have full control or authority over the project and needed approval and authorization from higher ups. (Paule Depo 53:13–24). Kenneth Klatt was an in-house attorney making and receiving communications which required approval. Under the facts, as well as the nature of the attorney client relationship, Klatt's involvement was subject to approval by authorized corporate agents.

■ On the evidence presented, Y & A has not provided a sufficient factual basis to meet its burden of proof. Accordingly, this Court considers that none of the above identified individuals can be considered to be "managing agents" within the meaning of Rule 32(a)(2). Among other things, all of these individuals lacked discretion to make decisions for the corporation without approval and authorization from higher authority.

**B. The 100 Mile Exception.**

Federal Rules of Civil Procedure Rule 32(a)(3)(B) provides:

> The deposition of a witness, whether or not a party, *may be used by any party for any purpose* if the court finds: … (B) that the *witness is at a greater distance than 100 miles from the place of trial or hearing*, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition. (emphasis added).

■ In line with the universal preference for live testimony, this Court adopts the rule that "the deponent's location should be examined … beyond the time of offering to include any point during presentation of proponent's case when a trial subpoena could have been served." *U.S. v. IBM Corp.*, 90 F.R.D. 377, 383 (S.D.N.Y.1981).

■ After due consideration, this Court determines that the 100 mile exception does not apply under the circumstances of this case. Accordingly, if the witnesses in question are made available as has been agreed for examination by the plaintiff in its case in chief, the Court will not allow deposition testimony in lieu of live testimony, even though at the time of depositions or trial the witness resides or is located at a greater distance than 100 miles from the courthouse.

As to all of the above named deponents, this Court finds no exceptional circumstances under either the "managing agent" exception or the "100 mile" exception to support, or make desirable, the use of deposition video excerpts in lieu of live testimony in plaintiff's case in chief. *A fortiori*, since the witnesses will be available for plaintiff to elicit live testimony at trial, including in its case in chief.

In this case, Delta has agreed to make available and produce the witnesses in question at trial for live testimony. Further, Delta has made it clear that it will not object to plaintiff calling such witnesses as adverse witnesses for cross examination or impeachment. As to the witnesses in question, as well as other witnesses Delta has agreed to produce, plaintiff shall give notice to the defendant, within 20 days prior to trial, of the date and time it intends to call each of the said witnesses for live testimony in plaintiff's case in chief, so that defendant will have ample time to arrange for said witnesses to be present and available for such testimony at the notified times. Delta shall immediately confirm the arrangements with plaintiff's counsel. However, if Delta for any reason fails to confirm or to make such witnesses available during plaintiff's case in chief, plaintiff may use video deposition excerpts in lieu of live testimony.

Based upon the foregoing, it is hereby

**ORDERED**, that Defendant's Motion to Preclude Improper Use of Depositions at Trial under Federal Rules of Civil Procedure Rule 32(a)(2) is GRANTED, subject to the conditions set forth in this memorandum; it is

**FURTHER ORDERED**, that Defendant's Motion to Preclude Improper Use of Depositions at Trial under Federal Rules of Civil Procedure Rule 32(a)(3)(B) is GRANTED, subject to the conditions set forth in this memorandum.